POTOMAC INSURANCE COMPANY,
a corporation, Plaintiff,

v.

OHIO CASUALTY INSURANCE COM-
PANY, a corporation, Hilda Josephine
Koerber, et al., Defendants.

No. 38408.

United States District Court
N. D. California, S. D.

Oct. 24, 1960.

Henry W. Schaldach, San Francisco, Cal., for plaintiff.

Sanford N. Diller, San Jose, Cal., for defendants Overdevest, Carberry & Duc.

Lester G. Sachs, Santa Clara, Cal., for defendant Marvin E. Mark.

ROCHE, District Judge.

Plaintiff seeks declaratory relief adjudging that it is not legally obligated under a policy of insurance issued to defendant Marvin E. Mark, (1) to defend said Marvin E. Mark in actions brought by defendants Herman P. Overdevest and Beverly A. Duc now pending in the Superior Court for Santa Clara County, and (2) to make payments under said policy to defendants herein in the event that judgments are obtained in said actions before the Superior Court.

On January 23, 1959, an automobile owned and driven by Hilda Koerber collided with an automobile occupied by defendants Herman P. Overdevest and Beverly A. Duc. Marvin Mark was a passenger in the Koerber automobile. There is no evidence that he exercised any authority or control over Hilda Koerber or the manner in which she drove her automobile; in short, there is nothing in the record to suggest that he was anything more than a guest. Defendants' suits in the Superior Court are based upon allegations that Marvin Mark negligently engaged in conduct which distracted Hilda Koerber's attention from her driving chores, an issue irrelevant to the matter now before the court.

The insurance policy issued by plaintiff to Marvin Mark obligates the former to defend suits and pay damages arising out of the "maintenance or use" by the insured of any non-owned automobile. Defendants contend that the word "use" is ambiguous and may be extended to cover Marvin Mark's situation in the Koerber automobile. It is the opinion of this court that no reasonable person could thusly construe the language of the policy; to do so would, in effect, extend its coverage to any situation wherein the insured is the occupant of an automobile. Clearly, this is neither the intended nor apparent meaning of the policy.

Counsel for plaintiff may prepare and file with the court a proposed judgment, consistent with the views herein expressed.