ROBERT LYNN DUNLAP, ETC. *v.* MARYLAND CASUALTY CO.

5-4215                                    414 S. W. 2d 397

Opinion delivered May 8, 1967
[Rehearing denied June 5, 1967.]

534

*Byron R. Bogard* and *Patten & Brown;* By *Gerland P. Patten,* for appellant.

*S. Hubert Mayes Jr.,* for appellee.

LYLE BROWN, Justice. This is a suit on behalf of Robert Lynn Dunlap to establish vicarious liability against Maryland Casualty Company. The question is whether a guest's liability policy affords coverage to a host driver with respect to a claim by an injured party with whom the host collides. Maryland denied liability, and its position was sustained by the trial court.

On Sunday, January 29, 1961, Glenn Gouge, Jr. a teen-ager, was permissively driving his father's car. At Sunday School he met some friends of his own age and invited them to ride around with him prior to either going to church or going home for the noon hour. The boy ran a stop sign and collided with a vehicle driven by Mr. Dunlap. In the collision Dunlap's infant child received brain damage.

Suit was filed on behalf of the infant child and against Glenn Gouge, Jr. Judgment was obtained for $19,959.25. Gouge, Sr. carried liability insurance in the sum of $10,000, and his insurer has paid that amount.

The case before us—*Dunlap* v. *Maryland Casualty Company*—arises in this manner: One of the boys riding with Glenn Gouge, Jr., was Dan Smith. His father carried liability insurance with Maryland Casualty. When the case of *Dunlap* v. *Gouge* was filed, Maryland was notified of the filing. Maryland was advised by Dunlap's counsel that in his opinion Maryland's policy issued to the Smith family covered this accident. Maryland declined to participate. The mother of the injured child brings this suit to compel payment by Maryland Casualty.

Counsel for appellant Dunlap advances a unique theory upon which claim for recovery from Maryland is predicated. It is contended that Dan Smith's act of riding in the Gouge automobile constituted a *use* of a non-owned automobile by Dan Smith. Maryland's policy covering the Smith family refers to coverage with respect to the *use* of a non-owned automobile. It is Dunlap's theory that under this "use coverage" Maryland is liable.

Succinctly stated, the Smith policy is a family automobile policy. Maryland Casualty agrees to pay on behalf of the insured (which includes any relative who is a member of the Smith household) certain sums which the insured shall become legally obligated to pay as damages because of bodily injury. This coverage is extended to the use of certain types of non-owned automobiles. Sub-section (c) under "Persons Insured" extends coverage to any other person legally responsible for the use of a non-owned automobile. Appellant Dunlap contends that under this provision Glenn Gouge, Jr. was insured under the Smith family policy. It is asserted that he is a "third person legally responsible for using a non-owned automobile which is also being used at the same time by the Smiths or a relative."

The pivotal question is: Was Dan Smith *using* the Gouge automobile? There is no allegation of joint venture between the teen-agers riding in the Gouge auto-

mobile. There is no proof that Dan Smith participated, directly or indirectly, in the operation of the Gouge car. In the complaint filed in this case, the only reference to Dan Smith's activity is that "Dan Smith was riding in (using) said automobile by permission of the owner thereof." Dan Smith was not made a party to the case of *Dunlap* v. *Gouge,* in which the judgment for personal injuries was rendered.

There are many cases which discuss the subject of "use" as the word is utilized in liability policies. We have not been cited a case—nor do we find one—where the factual situation precisely fits the case at bar. Courts and text writers point up the importance of the factual context of each case. For example, every case cited by appellant has a factual feature which distinguishes it from this case. Cited by appellee is *Potomac Insurance Company* v. *Ohio Casualty Insurance Company et al,* 188 F. Supp. 218 (1960). It contains a state of facts very similar to this case. Under a liability policy issued by Potomac to Marvin Mark, Potomac was obligated to defend Mark against any suit arising out of the "use" by the insured of any non-owned automobile. Mark was a guest in a vehicle owned and driven by Hilda Koerber. The Koerber car was involved in a collision. By declaratory judgment procedure Potomac sought a determination of the demand made against it to defend. The court said:

> "Defendants contend that the word 'use' is ambiguous and may be extended to cover Marvin Mark's situation in the Koerber automobile. It is the opinion of this court that no reasonable person could thusly construe the language of the policy; to do so would, in effect, extend its coverage to any situation wherein the insured is the occupant of an automobile. Clearly this is neither the intended nor apparent meaning of the policy."

The opinion in *Potomac* does not afford us a detailed description of the terms of the policy. The sum-

marization of the provisions, however, describes a striking similarity to the policy in our case.

Affirmed.