**Mary Alice POLYAK, Plaintiff,**

v.

**James ISRAELSON and Hartford Accident and Indemnity Company, Garnishee, Defendants.**

**Misc. No. 5307 (In Execution) sur Civil Action No. 67–1514.**

United States District Court, W. D. Pennsylvania.

Sept. 14, 1972.

---

James R. Duffy, McArdle, McLaughlin, Paletta & McVay, Pittsburgh, Pa., for plaintiff.

Robert E. Wayman, and Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for defendants.

## OPINION

WEIS, District Judge.

Plaintiff, Mary Alice Polyak, has been awarded a judgment of $40,000.00 against James Israelson as a result of injuries received on February 17, 1967 when the car she was driving went off the road and overturned. The vehicle involved was owned by the Hartford Life Insurance Company and had been given to Israelson, one of its sales representatives, for both business and personal use.

On the day of the accident, Miss Polyak and Israelson, her fiance at the time, were en route from their residences in Pittsburgh, Pennsylvania to Columbus, Ohio on a combination business and pleasure trip. Israelson drove from Pittsburgh but, after making a stop near Youngstown, Ohio, he became fatigued and asked that the plaintiff take over the operation of the car.

A short time later, while Miss Polyak was driving, Israelson distracted her attention by a show of affection, causing the plaintiff to look away from the road. The car wheels dropped off onto the berm, the vehicle went out of control, and the accident occurred.

A jury found Israelson negligent and responsible for Miss Polyak's serious injuries. When the judgment remained unsatisfied, she brought this garnishment action against the auto insurance carrier, the Hartford Accident and Indemnity Company, a sister organization of the vehicle owner.

The liability policy provided that the word "insured" would apply to "(C) any other person while using an owned automobile . . . with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . . ."

It is clear that Israelson did come within the guide lines of the omnibus clause because whether the trip was for personal reasons or to further the business of his employer (the named insured), use of the automobile was sanctioned.[1]

It is well established under Pennsylvania law that "use" in connection with the omnibus clause of the auto policy is broader in scope than "operation". In Maryland Cas. Co. v. Marshbank, 226 F.2d 637, 639 (3rd Cir. 1955), the Court of Appeals said:

"For the 'use' of an automobile by an individual involves its employment for some purpose or object of the user while its 'operation' by him involves his direction and control of its mechanism as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another."

In the fact situation of this case, Israelson's "actual use" of the car was to transport himself and Miss Polyak to Columbus, Ohio and this activity was within the permission granted by the Life Insurance Company.[2]

The garnishee appears to feel that it was necessary for the owner to specifically authorize Miss Polyak's operation of the car. No language in the policy supports that contention nor is the issue in this case whether coverage is extended to the plaintiff. The inquiry is directed rather at determining if the policy covered Israelson.

The garnishee does not concede the day at this point, however, but raises another hurdle, contending that the general insuring clause precludes liability for payment of the judgment.

The pertinent policy provision reads: "The company will pay on behalf of the insured [Israelson] all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence and arising out of the . . . use of any automobile . . . ."

The phrase, "arising out of the use of . . . .", has received a liberal construction in the Pennsylvania courts. In Manufacturers Casualty Ins. Co. v. Goodville Mut. Casualty Co., 403 Pa. 603, 170 A.2d 571 (1961), the Supreme Court of the state said:

"Construed strictly against the insurer, 'arising out of' means causally connected with, not proximately caused by. 'But for' causation, i. e., a cause and result relationship, is enough to satisfy this provision of the policy."

There is an obvious relationship between the utilization of the automobile for transportation and the injuries received by the plaintiff in this case when the car overturned. The connection between the injury and the auto is even

---

1. When the vehicle was assigned to Isrealson, it was stipulated that it could be used for both business and personal use with the added proviso that personal mileage in excess of 125 miles per month was to be paid by him at the rate of three cents per mile. There was no evidence of any other limitation on use by employees.

2. See, Austin "Permissive Use Under the Omnibus Clause of the Automobile Liability Policy", Insurance Counsel Journal, January 1962, pages 49, 61.

more immediately related than the Pennsylvania doctrine requires.

The insurer apparently feels that the demonstration of affection by Israelson and not the use of the vehicle was the cause of the injuries. The short answer is that the plaintiff did not sue for an assault and battery. She recovered her judgment for injuries received when the automobile overturned. The connection between "use" and "injury" was direct and causal.[3]

■ Finally, the garnishee contends that there is no coverage because Israelson's actions constituted an "intentional act" which would be excluded by the policy. Again, this position is not well taken. A review of the policy reveals no such provision, though the result would be no different if it were included.[4] Apparently what is being relied upon by the auto insurer is the definition of "occurrence." But the definition of the term in the policy itself is clear, unambiguous and of no comfort to the garnishee:

> "Occurrence means an accident which results . . . in bodily injury . . . neither expected nor intended from the standpoint of the insured."

There is no question but that Israelson neither expected nor intended injury to the plaintiff from his actions.

We hold, therefore, that the Hartford Accident owed coverage to Israelson[5] and is liable for the judgment and interest from the date of verdict.

---

3. For a review of the problem of interpretation of the word "use", *see*, Sayre, "Coverage Problems Relating to the Policy Term 'Arising Out of the Use of' and 'Using' a Vehicle". Insurance Counsel Journal, April 1969.

4. Eisenman v. Hornberger, 438 Pa. 46, 264 A.2d 673 (1970), held that an insurance policy does not exclude *damages resulting from* intentional acts of the insured but only *damages intentionally caused* by him.

5. Risjord and Austin in their comprehensive work, Automobile Liability Insurance Cases, page 2497, make the following comments about the case of Potomac Insurance Co. v. Ohio Casualty Ins. Co., 188 F.Supp. 218 (N.D.Calif.1960) : "The

policy both intentionally and obviously covers the insured [a passenger] where (as alleged in the damage cases) he engaged in conduct which caused the driver to lose control of the car." Similarly, approval was given to the result in the case of Gronquist v. Transit Casualty Co., 105 N.J.Super. 363, 252 A.2d 232 (1969), another situation of interference with a driver by a passenger. The court found that the passenger was "using the automobile" and that the passenger's alleged conduct "did not deviate from permission to use the car. He was riding in a car as and where permitted." Risjord and Austin, at page 6843, comment, "The result was correct and the opinion well written . . . .".