545 P.2d 52

**MISSION INSURANCE COMPANY, Insurer of Goldman Dairy, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Homer B. Jones, Respondent Employee.**

**No. I CA–IC 1375.**

Court of Appeals of Arizona,
Division 1,
Department C. ·

Jan. 22, 1976.

Rehearing Denied Feb. 26, 1976.

Review Denied March 30, 1976.

Jones, Teilborg, Sanders, Haga & Parks, by William R. Jones, Jr., Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

W. Roy Tribble, Chandler, for respondent employee.

## OPINION

SCHROEDER, Judge.

This case involves the interpretation of the agricultural-worker exemption to our workmen's compensation law (A.R.S. § 23–902(A)) as it existed prior to the removal of the exemption by legislative amendment in 1973.

The respondent employee, Homer B. Jones, was employed as a "feeder" for a large dairy. On May 31, 1973, Jones drove a tractor and attached trailer to a stack of hay for the purpose of loading the hay. While the tractor was stopped and Jones was positioning a bale of hay, he slipped off the trailer causing the injury which is the subject of this claim.

The petitioner, Mission Insurance, the dairy's carrier, issued a notice of claim status denying the claim on the ground that the employee was excluded from workmen's compensation benefits under the agricultural exemption to the statute. Upon timely request by the employee, a hearing was held, and the hearing officer issued an award for benefits. After denial of its request for review, the carrier now asks this Court to hold that the Commission wrongly applied the agricultural exemption in this case.

A.R.S. § 23–902(A) at the times material to this action provided as follows:

"Employers subject to the provisions of this chapter are the state, each county, city, town, municipal corporation, school district and every person who has in his employ three or more workmen or operatives regularly employed in the same business or establishment under contract of hire, *except agricultural workers not employed in the use of machinery* and domestic servants. Exempted employers of agricultural workers or domestic servants or employers of less than three workmen or operatives may come under the provisions of this chapter by complying with its provisions and the rules and regulations of the commission. For the purposes of this section 'regularly employed' includes all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade, business, profes-

sion or occupation of an employer." (Emphasis supplied).

The hearing officer found, and it is not disputed, that the employee was an agricultural worker, that his duties included the use of machinery, and that this injury occurred while Jones was loading a trailer attached to a tractor. The carrier, however, disputes the hearing officer's conclusory finding that:

> "When all of the evidence is considered in its entirety . . . it establishes that at the time of applicant's injury on May 31, 1973 he was an agricultural worker employed in the use of machinery within the meaning of the Workmen's Compensation Act. . . ."

While the exclusion of agricultural workers generally has been common in workmen's compensation acts, Arizona's inclusion of such workers employed in the use of machinery appears to be unusual. The leading Arizona case is *Hight v. The Industrial Commission of Arizona*, 44 Ariz. 129, 34 P.2d 404 (1934). In *Hight,* the employee superintended a ranch. There were no tractors or similar pieces of heavy machinery on the ranch. The only machinery on the ranch was a small pump which drove a well. The accident itself had nothing whatsoever to do with any machinery but occurred when the employee was attempting to lasso an animal. The court there held that the accident was not compensable because, among other reasons, the employee was not involved in the use of any machinery at the time of the accident.

Our Supreme Court has subsequently cited *Hight* as standing for the proposition that the "time of the accident" governs compensability. *Pinson v. The Industrial Commission of Arizona*, 79 Ariz. 21, 281 P.2d 962 (1955). The question before us is, therefore, whether under the circumstances of this case, Jones should be considered to have been "employed in the use of machinery" within the meaning of the Act. We agree with the hearing officer's resolution of the matter and affirm the award.

The only other Arizona case cited to us directly involving this statute is *Melendez v. Johns,* 51 Ariz. 331, 76 P.2d 1163 (1938). There the employee, a lettuce picker, was hired to perform solely agricultural duties not involving the use of machinery. He was injured while riding in the back of a truck from the field to the payroll office. The court, after finding that the amendments after *Hight* had not materially altered the meaning of the exemption, held that the employee was not entitled to compensation.

The carrier argues that because the accident in *Melendez* occurred while the employee was riding in a truck, the case must be interpreted as excluding coverage in any situation in which the employee is not actively involved in operating machinery at the time of the accident. While it is clear that the injury in *Melendez* resulted from a truck collision, it does not appear that the truck involvement was ever even urged as a ground for awarding compensation. Rather, the principal legal questions related to matters of statutory interpretation not relevant to this case. The applicant in *Melendez* did not argue that he was engaged in the use of machinery at the time of the accident, and the Court, therefore, did not interpret the phrase.

In the absence of authority holding that the employee at the time of the accident must be engaged in the actual operation of machinery, we decline to apply the statute so narrowly. We believe that if the legislature had intended to limit agricultural-worker coverage to accidents caused by employees' operation of machinery, it would have so provided. Instead, the statute incorporates much broader language covering employees "engaged in the use of machinery." We hold that the Commission properly found that an employee, injured in a fall from a farm vehicle during the process of loading it, was engaged in the use of farm machinery.

There is ample support for our interpretation of the statutory language in cases construing insurance policies covering "the use" of a vehicle. Courts have repeatedly

held that the term "use" is broader than the concept of actual operation. *Allstate Insurance Co. v. Hartford Accident & Indemnity Co.*, 486 S.W.2d 38, 43 (Mo.App. 1972); *Polyak v. Israelson*, 348 F.Supp. 529, 531 (W.D.Pa.1972). "Use" has been held to include loading and unloading. *Getty Oil Co. v. Hartford Insurance Group*, 34 Cal.App.3d 355, 109 Cal.Rptr. 889, (1973); *Liberty Mutual Insurance Co. v. Truck Insurance Exchange*, 245 Or. 30, 420 P.2d 66 (1966); *Fidelity & Casualty Co. of N.Y. v. North Carolina Farm Bureau Mutual Insurance Co.*, 16 N.C.App. 194, 192 S.E.2d 113 (1972); *also see* Annot., 89 A.L.R.2d 150, 171 (1963).

There is no compelling reason, either as a matter of logic or as sound public policy, why this statute should be interpreted more restrictively than similar language in insurance policies.

The award is affirmed.

NELSON, P. J. and WREN, J., concurring.