**Steven L. AUL, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.**

**Civ. A. No. 87–171 Erie.**

United States District Court, W.D. Pennsylvania.

Aug. 30, 1988.

Will J. Schaaf, William J. Schaaf, Marsh Spaeder Baur Spaeder & Schaaf, Erie, Pa., for plaintiff.

Mark E. Mioduszewski, Knox Graham McLaughlin Gornall & Sennett, Erie, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This declaratory judgment action arises out of an August 17, 1985 accident in which an automobile driven by Thomas Miller backed into and struck four year old Candace Aul. Her parents, Steven and Diane Aul, brought suit against Miller in the Court of Common Pleas of Erie County, Pennsylvania, seeking inter alia, damages for their daughter's injuries. Thereafter, Miller joined Steven Aul, who was a passenger in the auto at the time of the accident, as an additional defendant alleging that Aul negligently directed Miller that it was clear to back his vehicle. Mr. Aul, subsequently brought this action against his automobile insurance carrier, United States Fidelity and Guaranty Company (U.S.F. & G.), seeking a declaratory judgment that U.S.F. & G. owes him coverage and a defense for Miller's claim against him. U.S.F. & G. has denied him coverage and a defense. There is no dispute as to any material facts and both parties move for summary judgment based upon the terms of the automobile insurance policy issued by U.S.F. & G. to Aul.

The portion of the insurance policy upon which the dispute herein arises, is as follows:

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur.

Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

"Covered person" as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

The sole question presented for our resolution is whether a policy holder is "using" an auto under the terms of this policy, when as a passenger, he directs a driver that it is safe to back up.

"It is well established under Pennsylvania law that 'use' in connection with the omnibus clause of the auto policy is broader in scope than 'operation'". *Polyak v. Israelson*, 348 F.Supp. 529, 531 (W.D.Pa. 1972), *citing, Maryland Gas Co. v. Marshbank*, 226 F.2d 637 (3rd Cir.1955). In *Polyak*, a passenger in an auto "distracted" the driver's attention by a "show of affection," causing the driver to lose control and crash. In that case, the court held that the accident arose out of the passenger's "use" of the auto. Similarly, in *Gronquist v. Transit Casualty Co.*, 105 N.J.Super. 363, 252 A.2d 232 (1969), the New Jersey Superior Court concluded that a back seat passenger was "using" a vehicle and therefore entitled to coverage and a defense under the driver's insurance policy. In *Gronquist* it was alleged that the passenger had leaned over the back of the front seat putting his weight on the driver, thereby causing an accident.

U.S.F. & G. concedes that the term "use" as it is generally employed in automobile insurance policies is broader in scope than "operation." Nevertheless, it postulates that the policy herein presents an exception to the general rule by impliedly differentiating between the terms "using" and "occupying." This differentiation is illustrated, according to U.S.F. & G., by the following excerpt from the Exclusions section of a Personal Injury Protection Endorsement to the policy:

(h) Any person while *occupying* a motorcycle;

(i) Any person other than the named insured or any relative, while *maintaining*

*or using* a motor vehicle without reasonable belief that he is legally entitled to do so; ...

(Emphasis differs from that in original.). "Occupying" as defined in that same endorsement means "in or upon, entering into or alighting from." U.S.F. & G. argues that the term "occupying" more specifically describes Mr. Aul's conduct and this precludes us from concluding that he was "using" the Miller auto.

At the outset, however, we note that U.S.F. & G.'s policy neglects to anywhere provide a definition of the term "use". To the extent, therefore, that the utilization of that term in conjunction with "occupying" creates an ambiguity in the proper application of the terms, we must resolve the ambiguity in favor of the insured. *Pacific Indem. Co. v. Linn,* 766 F.2d 754 (3d Cir. 1985).

In any event, while it is evident that the terms "using" and "occupying" as utilized in the policy are not synonymous, it is equally evident that they are not mutually exclusive. Clearly, Mr. Aul was "occupying" the automobile. This, however, does not automatically preclude the possibility that he might also have been "using" the auto. Mr. Miller alleges that Mr. Aul directed him that it was clear to back his vehicle. For our purposes herein we must assume these facts as alleged to be true. *Pacific Indem. Co. v. Linn,* 766 F.2d 754 (3d Cir.1985). Given such, Mr. Aul was more than a mere occupant. He was giving guidance and direction to the operator, thereby assuming at least some of the operational duties and thus responsibilities. We therefore conclude as a matter of law that Aul was "using" the Miller auto at the time of the accident.

We hasten to caution that our conclusion herein makes it unnecessary for us to determine whether either of these terms is more general or more specific than the other, such that one is wholly subsumed by the other. We thus refrain from considering whether everyone "occupying" an automobile is necessarily "using" it, or if one can "use" an automobile without "occupying" it. We simply conclude based upon a thorough review of the policy, that the two terms, as utilized in the policy, share some common ground.

For the foregoing reasons we hold that Plaintiff, Steven Aul is entitled to coverage and a defense under the policy, for the claim advanced against him by Mr. Miller.

An appropriate order will follow.