Paul R. Pallasch, for use of Helen Hinchy McNamara, Administratrix of Estate of James McNamara, Deceased, Appellant, v. United States Fidelity and Guaranty Company, Appellee.

Gen. No. 43,214.

258

Opinion filed June 26, 1946.  Released for publication August 19, 1946.

Moody & Schultz, of Chicago, for appellant; Herbert Bebb, Lloyd C. Moody and Edward G. Schultz, all of Chicago, of counsel.

Burt A. Crowe, of Chicago, for appellee.

Mr. Justice Lewe delivered the opinion of the court.
This is a garnishment proceeding upon an automobile insurance policy issued by defendant to Clarence Ezell.  At the time the policy was in force Ezell's automobile, while being driven by plaintiff Paul R. Pallasch, collided with an automobile driven by one James McNamara who was fatally injured in the collision.  Helen Hinchy McNamara, administratrix of

the estate of James McNamara, deceased, brought suit against Ezell and Pallasch to recover damages arising out of their alleged negligent act. In the original proceeding against Ezell and Pallasch, defendant appeared by counsel in behalf of Ezell. Pallasch, nominal plaintiff in the present suit, engaged his own counsel. A jury trial resulted in verdicts for Helen Hinchy McNamara as administratrix for $5,000 against Pallasch. Ezell was found not guilty. Judgments were entered on the verdicts. An execution was issued against Pallasch, which was returned *nulla bona*. Subsequently the administratrix instituted the present proceedings on the Ezell policy against the defendant corporation to recover the amount of her judgment against Pallasch. A trial by jury resulted in a verdict for plaintiff in the sum of $5,000 and interest from December 11, 1940. Defendant filed motions for judgment notwithstanding the verdict and for a new trial. On the motion for judgment notwithstanding the verdict the trial court entered judgment for defendant. Plaintiff appeals.

In February 1938 Paul R. Pallasch was the manager of the Kruse service station where Ezell kept his Chevrolet automobile. Ezell was granted parking facilities at the service station without charge under an arrangement with Kruse service station to purchase all of his gasoline and oil from it. About two or three weeks prior to February 11, 1938, Ezell purchased a "Phillips 66" battery for his automobile from Kruse service station, which carried an unconditional guarantee for one year. On several occasions the battery failed to function properly and was replaced. On February 11, 1938, Mrs. Ezell came to the service station to get her husband's automobile. On this occasion it was necessary to replace the battery in order to get the car started. When she returned to the Kruse service station she directed Pallasch to get the car fixed. That evening Pallasch drove the

automobile to a private garage situated in the rear of his home where he and one Mike Kobylski, also an employee of the Kruse service station, spent about two hours in locating a short circuit which had caused the battery failure. On the following morning, February 12, while Pallasch was driving Ezell's automobile back to the Kruse service station for the purpose of parking it there, the collision occurred which resulted in the death of James McNamara. The policy issued by defendant to Ezell extended additional coverage to other persons using the car with Ezell's permission.

In the instant case plaintiff filed his affidavit for garnishment alleging that in the original proceedings a judgment was rendered in favor of Helen Hinchy McNamara, administratrix, against Pallasch for the sum of $5,000; that an execution was issued against Pallasch and returned *nulla bona;* that plaintiff believes that the defendant is indebted to Pallasch. Plaintiff also filed certain interrogatories directed to the garnishee (defendant). In its answer to the interrogatories the defendant denied that it had money or property in its possession due Paul R. Pallasch, denied that it rendered any defense to Pallasch in the original proceedings, and denied that Pallasch at the time of the accident was driving the car with the permission of Ezell.

Afterwards the defendant filed an amended and additional answer averring in substance that the policy provided that if claim was made or suit was brought against the insured, that such insured should immediately forward to the defendant company every demand, notice, summons, or other process received by him or his representative; that Pallasch did not forward the summons at any time to the defendant; that the policy contained a limitation which excluded from coverage ''any person or organization or to any agent or employee thereof operating an automobile repair shop, public garage, sales agency, service station, or public

parking place, with respect to any accident arising out of the operation thereof''; and that Pallasch did repair work on the Ezell car for the benefit of the Kruse service station. Plaintiff did not traverse the new matter alleged in the defendant's amended and additional answer.

Defendant contends that by plaintiff's failure to traverse the new matter alleged in defendant's amended answer it is deemed admitted under sec. 40 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 164; Jones Ill. Stats. Ann. 104.040]. The evidence shows, however, that testimony was heard on the issues raised by the amended answer with reference to Pallasch's duties as manager of the Kruse service station. Since it appears that the parties regarded the issues as properly made, the filing of a traverse was waived. (*Ancateau v. Commercial Casualty Ins. Co. of Chicago*, 318 Ill. App. 553; *Cairo Lumber Co., Inc. v. Ladenberger*, 313 Ill. App. 1; *Slezak v. Fleming*, 392 Ill. 387.)

It is urged by defendant that plaintiff was not entitled to coverage under the policy because he failed to notify defendant after being served with summons in the McNamara suit and that he failed to tender demand for any coverage or defense. This defense was interposed after the proofs were closed. That defendant received due notice of the accident involving McNamara and Pallasch there can be no doubt. In reply to plaintiff's 16th interrogatory in this proceeding it admits receiving due notice; moreover it furnished counsel for Ezell and conducted his defense in the former proceeding.

In Appleman, Automobile Liability Insurance, at page 240, the author says: ''It does not matter who gives the notice to the insurer, as long as notice is actually given of the occurrence of the accident or the pendency of the suit. Accordingly, notice could be given by . . . either a driver operating with permission of the insured or the insured himself.'' (Citing

among other cases *Scott v. Inter-Insurance Exchange of Chicago Motor Club,* 352 Ill. 572, 186 N. E. 176.) In the *Scott* case, the question of notice was raised and substantially the same arguments advanced as in the case at bar. We think that the question determined there is so nearly analogous to the one presented in this case that it should control.

The next question presented is whether the trial court erred in entering judgment in favor of the defendant notwithstanding the verdict of the jury in favor of the plaintiff. The law is well established that, on a motion for judgment notwithstanding the verdict of the jury, the question of law to be determined by the court is whether there was any evidence, taken in its aspect most favorable to the plaintiff, to sustain the cause of action. (*Froehler v. North American Life Ins. Co. of Chicago,* 374 Ill. 17; *Walaite v. Chicago, R. I. & P. Ry. Co.,* 306 Ill. App. 5; *Cooper v. Safeway Lines, Inc.,* 304 Ill. App. 302.)

Defendant argues that the permission clause of the policy did not apply to Pallasch since he and Mike Kobylski were employees of the Kruse service station; and that the car was repaired at their home garage and was being returned to the Kruse service station when the accident happened and therefore it clearly comes within the exceptions contained in the "permission" clause of the policy.

The record discloses that plaintiff Paul R. Pallasch, Mike Kobylski, Matthew Kobylski, William J. Pallasch, and Francis J. Kennedy all testified that plaintiff had received permission from Ezell to drive his car for the purpose of making repairs. In considering defendant's motion for a judgment notwithstanding the verdict, we must accept, as being true, the testimony of plaintiff's witnesses bearing on the question of Ezell's permission to Pallasch to use the car. Plaintiff's evidence also shows that the repairs on Ezell's car were made by Pallasch after his regular working hours at the Kruse service station without the

knowledge or consent of his employer; that the sign at the service station stated that no repairs were made there; that Pallasch had been instructed by his employer not to make any; and that Pallasch did not operate an automobile repair shop in the garage on the rear of the premises in which he resided. In view of this evidence we are unable to understand the theory upon which the trial court entered judgment in favor of the defendant notwithstanding the verdict. The defendant also filed a written motion for a new trial under section 68 (3) (c) of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 192, subpar. (3) c; Jones Ill. Stats. Ann. 104.068, subpar. (3) c]. So far as appears from the record this motion was undisposed of. This cause must therefore be remanded to the trial court to rule upon defendant's motion for a new trial. *Goodrich v. Sprague*, 385 Ill. 200.

For the reasons stated, the judgment notwithstanding the verdict is reversed and the cause is remanded to the trial court to pass upon the defendant's motion for a new trial.

*Reversed and remanded.*

KILEY, P. J., and BURKE, J., concur.