Anna M. Coss, as Administratrix of the Estate of Jose Coss, Deceased, Plaintiff-Appellee, v. Stanley Magdziasz, et al., Defendants.
On Appeal of Walter H. Colewell, Appellant.

Gen. No. 49,619.

First District, Third Division.

November 4, 1965.

Mack Berg, of Chicago, for appellant.

James A. Thompson, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a dramshop case the jury returned a verdict for $20,000 and the court entered judgment thereon. Appeal was taken by the defendant Walter H. Colewell. Plaintiff is the widow of one Jose Coss, who was killed by Ernest Correa in a tavern fight while Correa was allegedly intoxicated.

The complaint charged that Colewell was the owner of the building, and the answer filed by Colewell specifically admitted that he owned the building. Suit was instituted on April 8, 1960, and was brought to trial on March 31, 1964. In his opening statement Colewell's counsel said for the first time, and contrary to his specific pleading, that his client Colewell was not then "nor has he ever been, the owner wherein the building at 1200 something Chicago Avenue is located." A discussion then followed in which the court said:

"Well, the pleadings are an admission but whether the admission will be overcome by evidence, I don't know. We'll get to that point when we get to it."

A further discussion followed, and counsel for Colewell again said that Colewell was not then, at the time of the occurrence or at any time the owner of the property; "that he had assisted the owner, a Mr. Gurecki, who had been the owner of this property for about ten years, that he had assisted him in the operation of the building located in a rough neighborhood, 1200 Chicago Avenue. . . ."

It should be noted that the statute of limitations applicable to dramshop cases had expired. Plaintiff, in an excess of caution when the trial court indicated that defendant might have the right to amend his answer and retract his admission of ownership, examined defendant under Section 60 of the Civil Practice Act, Ill Rev Stats 1963, c 110, § 60 and in that examination, defendant denied ownership. No steps, however, were taken to amend the answer.

 The law is clear that an admission in an answer is binding on the party making it and as to such party, it is conclusive as to the admitted fact. Holsinger, Theis & Co. v. Holsinger, 329 Ill App 460, 69 NE2d 360. Indeed, upon the filing of the answer, ownership ceased to be an issue in the case. It is now contended, however,

42

that the admission was waived by the plaintiff's calling the admitting party as a witness under Section 60. The cases cited by the defendant do not support this contention. Pallasch v. United States Fidelity & Guaranty Co., 329 Ill App 257, 67 NE2d 883, and Ancateau v. Commercial Cas. Ins. Co. of Chicago, 318 Ill App 553, 48 NE2d 440, are garnishment cases in which the plaintiffs' failure to traverse new matters in the garnishees' answers would ordinarily have established the truth of these new assertions. The garnishees, however, introduced evidence on those issues and the court held that the defendants waived the effect of the plaintiffs' failure to reply where the parties treated the issues as properly made. Meyer v. Hendrix, 311 Ill App 605, 37 NE2d 445, also holds that the defendant's introduction of evidence following the plaintiff's failure to traverse an affirmative defense made the defense an issue. None of these decisions is authority for the proposition that an admission in the pleadings is waived by calling the admitting party under Section 60.

██ ██ The defendant cannot negate the evidentiary effect of the admission of ownership in the answer, even if the original answer is not held to be conclusive against him. Cases cited by the defendant hold that the uncontradicted testimony of an adverse witness or one called under Section 60, supra, will be taken as true if there is "no countervailing testimony." Chance v. Kinsella, 310 Ill 515, 142 NE 194; In re Estate of Donovan, 409 Ill 195, 98 NE2d 757. In the instant case there *is* evidence rebutting Colewell's denial of ownership. The pleading is in itself evidence. O'Brien v. Brown, 403 Ill 183, 85 NE2d 685, cert den 338 US 827; ILP Evidence § 136; In re Estate of Clark, 264 Ill App 544. There is also the testimony of the tavern keeper, Reuben Torres, who said Colewell *was* the owner. Section 60, supra, itself provides:

43

"The party calling for the examination is not concluded [by the adverse party's testimony] but may rebut the testimony thus given by counter-testimony and may impeach the witness by proof of prior inconsistent statements."

There was adequate evidence to support the finding of ownership.

■ ■ Defendant contends that the evidence is insufficient to show that the defendant Correa was intoxicated when he killed Coss or that Correa's intoxication contributed to the assault. There was testimony by the defendant Torres and other witnesses, including Police Officer Devitt, that Correa was in a hopelessly intoxicated state after the murder. There was substantial evidence from which the jury could find that Correa was intoxicated and that this intoxication was the cause of the fatal struggle. The verdict is not against the manifest weight of the evidence.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.