STATE FARM MUTUAL AUTOMOBILE·INSURANCE COMPANY, Plaintiff-Appellant, *v.* LEE R. LARSEN, Adm'r of the Estate of John R. Larsen, Deceased, *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 76-901

Opinion filed June 13, 1978.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, Robert O. Duffy, Dom J. Rizzi, and Michael W. Rothsack, of counsel), for appellant.

Burfeind, Schlickman & Clarke, Ltd., of Arlington Heights (John B. Clarke, Leonard F. Perkins, and Paul Seeley, of counsel), for appellees.

MR. JUSTICE PERLIN delivered the opinion of the court:

This case involves an action for declaratory judgment. State Farm Mutual Automobile Insurance Company (hereinafter State Farm) issued an automobile liability policy to Perry Snower. Subsequent to this transaction, Snower's adult son, David, was involved in an automobile accident while occupying a vehicle which neither he nor his father owned and which was driven by Gary K. Foreman. John R. Larsen died from injuries suffered in the collision with Foreman's car and, because of this, the administrator of his estate brought a wrongful death action against Snower and Foreman. In response to this suit Foreman filed a counterclaim against Snower. State Farm then filed a declaratory judgment action seeking a declaration that it did not have an obligation under the "omnibus" provision of the insurance policy issued to Perry Snower to defend his son or to pay any judgment that might be entered against him as a defendant or counterdefendant. State Farm next filed a motion for summary judgment. After hearing the arguments of counsel, and after considering the relevant pleadings, affidavits and depositions, the trial court denied this motion and ordered State Farm to afford liability coverage and a legal defense to David Snower. State Farm appeals, contending that they do not have such an obligation under the omnibus clause because at the time of this accident David Snower was operating the offending vehicle without Foreman's permission and without the permission of the legal title holder.

We reverse.

The relevant pleadings and discovery depositions reveal that in the fall

of 1971 Gary Foreman and David Snower, who had been friends since high school, were enrolled as first year students at Harper Junior College which is located at Algonquin and Roselle Roads in Palatine, Illinois. Since Foreman and Snower lived in close proximity to one another, and since each had the use of an automobile, they decided to alternate the driving to and from class. The accident in question took place on October 27, 1971, while the two were on their way home from Harper. At approximately 2 p.m. on that date, Foreman left the college in his 1962 Dodge Dart with Snower sitting in the front passenger seat and drove north on Roselle Road and then east on Palatine Road. At the collision point, Palatine Road is a four-lane highway with two lanes for eastbound traffic and two lanes for westbound automobiles. The east and west lanes are separated by a concrete rectangular divider which is raised eight inches from street level. When the Dodge had travelled three or four miles on this roadway, Snower allegedly grabbed the steering wheel without warning and forcibly turned the wheel toward the center median. The Dodge responded to this action by crossing over the median strip and going into the westbound lanes of traffic. Once there, it struck a westbound vehicle driven by a John A. Larsen. Larsen was killed, and Foreman and Snower were severely injured.

Foreman testified that immediately prior to this collision there was nothing unusual about Snower's actions, that neither he nor Snower were roughhousing or playing games, and that he was not having any trouble steering the Dodge. He further stated that it was a complete surprise to him when Snower grabbed the steering wheel; that he never asked Snower to take control of the steering wheel; and that he never indicated in any manner that he wanted Snower to take over operation of the Dodge.

Foreman purchased the 1962 Dodge with his own money in August 1971. Since he was a minor at the time of purchase, title to the car was placed in his father's name. The name on the title had not been changed prior to the October 27 accident.

There was no public liability insurance on the Dodge when this collision took place. However, as was stated above, State Farm had previously issued a policy of liability insurance to David Snower's father for a vehicle he owned. This policy provides that coverage is extended within its provisions to members of the father's household. David Snower was such a member on October 27, 1971. The policy also contains the following omnibus clause:

> "Use of Non-Owned Automobiles
> If the named insured is a person or persons, and if during the policy period such named insured owns a motor vehicle covered

by this policy . . . such insurance as is afforded by this policy with respect to the owned motor vehicle under:

(1) coverages A and B applies to the use of a non-owned automobile by:

(a) the first person named in the declarations or,

(b) if a resident of the same household, his spouse or the relatives of either,* * *

PROVIDED SUCH USE, OPERATION OR OCCUPANCY IS WITH THE PERMISSION OF THE OWNER OR PERSON IN LAWFUL POSSESSION OF SUCH AUTOMOBILE AND IS WITHIN THE SCOPE OF SUCH PERMISSION."

■■ "Omnibus" clauses such as this one have been the subject of a great deal of litigation. Cases involving such clauses are generally regarded as falling into three categories: (1) coverage exists only as long as there is strict compliance with the express permission and intended purposes of the owner; (2) coverage will exist as long as deviations from these purposes are minor; and (3) once general permission is granted, coverage exists in spite of any deviation from the original permission. (*Fireman's Fund Indemnity Co. v. Freeport Insurance Co.* (1st Dist. 1961), 30 Ill. App. 2d 69, 72-73, 173 N.E.2d 543, 544.) Illinois belongs to the third category (*Konrad v. Hartford Accident & Indemnity Co.* (2d Dist. 1956), 11 Ill. App. 2d 503, 514-15, 137 N.E.2d 855, 861) which has been characterized as the "liberal" rule. (Annot., 5 A.L.R.2d 622 (1949).) More specifically, this rule means that once general permission is granted for the use of a vehicle, coverage exists even though the use may be for a purpose not contemplated by the insured when permission was given. *National General Insurance Co. v. Ozella* (3d Dist. 1974), 17 Ill. App. 3d 703, 706, 307 N.E.2d 745, 748; *Visintin v. Country Mutual Insurance Co.* (5th Dist. 1966), 78 Ill. App. 2d 75, 79, 222 N.E.2d 550, 552.

Defendants assert that Gary Foreman was in lawful possession of the Dodge prior to the collision and that he had given David Snower either express or implied permission to ride as a passenger, and they argue, therefore, that Snower, as a permitted passenger, qualifies for coverage under the omnibus clause of his father's policy since the courts of this State follow the aforementioned liberal rule.

We agree that Foreman was in lawful possession of the offending vehicle immediately prior to the accident. This conclusion is based on the fact that he was the purchaser of the Dodge and was given the use of this automobile by the titleholder. Foreman had the authority, therefore, to grant David Snower permission to ride in the Dodge as a passenger. (See generally *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333, 297 N.E.2d 163.) Even though there is no evidence in

the record indicating an express grant of permission to Snower, it is our opinion that implied permission to ride as a passenger can be inferred from the fact that Foreman and Snower had been friends for approximately three years, that they had been classmates in high school, that they were attending the same junior college, that they drove one another to class on alternate days, and that they were driving home from Harper when the collision took place.

However, we feel that although Snower may have been acting as a passenger upon entering the Dodge, he was in fact operating the Foreman vehicle just prior to the collision. Snower's act of grabbing the steering wheel and turning it caused the automobile to cross the median strip and enter the westbound traffic lanes. Accordingly, it is evident that he exerted dominion and control over the Dodge at that time. See *Lumbermens Mutual Casualty Co. v. McIver* (9th Cir. 1940), 110 F.2d 323, 325; *Williams v. Nelson* (1917), 228 Mass. 191, 117 N.E. 189.

This determination is supported by defendants' admissions in the following pleadings:

The complaint filed by the administrator of John R. Larsen's estate against Foreman and Snower states that "David Snower, did grab and control with Gary K. Foreman the steering wheel of said car driven by Gary K. Foreman, so as to cause said automobile driven by Gary K. Foreman" to collide with the deceased's vehicle.

Foreman, in his answer to the administrator's complaint, admits that "prior to the collision the defendant, David Snower, did grab and control the steering wheel of the car driven by Gary K. Foreman, causing the Foreman car to collide with Plaintiff's intestate's automobile, * * *." Furthermore, he denies "specifically that Gary K. Foreman, had any control over the car at any time after David Snower grabbed the steering wheel."

In his counterclaim against Snower, Foreman states that Snower "forcibly grabbed the steering wheel out of the control of the counter-plaintiff and drove the vehicle into on-coming lanes of traffic." The law is clear that an admission in a pleading is binding on the party making it and as to such party, it is conclusive as to the admitted fact. Consequently, the facts so admitted cease to be an issue in the case. *Coss v. Magdziasz* (1st Dist. 1965), 65 Ill. App. 2d 40, 42, 212 N.E.2d 717, 718.

■■ Regarding defendants' argument, we must conclude—even when we take into consideration Illinois' adherence to the liberal rule—that permission to be a passenger in a particular automobile does not imply a general permission to operate that vehicle. The right to control is not a logical extension of permission to occupy a car as a passenger. Foreman gave Snower permission to be a passenger in the Dodge Dart. The record establishes that Snower was not given general permission to control and

operate the Foreman vehicle. This fact is evidenced by Foreman's testimony which indicated that he was completely surprised when Snower grabbed the steering wheel; that he never asked Snower to take such action; and that he never requested that Snower take over operation of the Dodge. Accordingly, we feel that Snower's actions exceeded the scope of his permission to be a passenger. Since he was operating the Dodge without Foreman's permission, Snower is not entitled to coverage or a legal defense. See *Orrill v. Garrett* (4th Dist. 1968), 100 Ill. App. 2d 194, 198-99, 241 N.E.2d 1, 3-4.

Defendants cite several cases from foreign jurisdictions which involve injuries to pedestrians suffered as a result of being struck by objects thrown from the passenger side of moving automobiles. Defendants point out that coverage was extended to the passengers in these situations because the courts decided to give a broad interpretation to the word "use." They argue, therefore, that this court should adopt a similar construction in this matter. We disagree since the cited cases are distinguishable.

The majority of these cases are based on the premise that everyday experience tells us that sticks, empty drink containers and other refuse will be thrown or ejected from moving cars on the roadway, and that any one of these objects has a potential for injuring pedestrians. Hence, it was determined that the act of throwing objects from a moving vehicle is a sufficiently foreseeable consequence of the use of the vehicle to mandate coverage. However, we feel that the present situation is not analogous. Common experience would not have forewarned Foreman of the extreme actions taken by Snower, and therefore coverage is not mandated in this instance.

We note but do not consider defendants' other arguments which we find to be without merit.

■■■ Section 57 of the Illinois Civil Practice Act provides that upon motion for summary judgment, such judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3).) If what is stated in the pleadings, affidavits and depositions would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered. See *People ex rel., Sharp v. City of Chicago* (1958), 13 Ill. 2d 157, 160-61, 148 N.E.2d 481, 483-84.

For the aforementioned reasons we feel that there was no genuine issue as to any material fact before the trial court. Therefore, the order denying

State Farm's motion for a summary judgment is reversed and the cause is remanded to the trial court with the direction that it enter judgment for plaintiff.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.