PONDER, Judge.
Bernie Millet, an employee of Baton Rouge Ambulance Company, sued Caye Nelson; Blue Ridge Insurance Company, Nelson’s homeowner’s liability insurer; Colonial Penn Insurance Company, Nelson’s automobile liability insurer; and Aetna Casualty and Surety Company, the ambulance company’s automobile insurer. The latter company moved for summary judgment of dismissal on the basis that it was not an insurer of Nelson. Nelson, Blue Ridge and Colonial Penn appealed from the dismissal.
The issue is the scope of the permission granted to Nelson.
We affirm.
The Baton Rouge Ambulance Company dispatched an ambulance to the home of Caye Nelson, whose wife was the victim of a heart attack. Plaintiff, the attendant in the ambulance, refused to allow Mr. Nelson to ride in the rear of the ambulance with his wife because of his emotional condition; whereupon the driver of the ambulance allowed him to ride in the cab. En route to the hospital Nelson and the driver began an *361 argument as to which hospital Mrs. Nelson would be taken to. For purposes of the motion for summary judgment the litigants agree that Mr. Nelson grabbed the steering wheel, causing the ambulance to swerve. The plaintiff was thrown from her chair and was seriously injured.
Aetna asserted and the trial court agreed that the permission granted to Nelson to ride in the cab, while a permission to use within the terms of its policy, did not include the grabbing of the steering wheel.
Appellants assert that the trial court erred in holding as a matter of law that the grabbing of the wheel did not constitute a use of the vehicle within the scope of the insured’s permission.
Both appellants and appellee agree that “there is no dispute as to material fact and the question here is purely one of law.” Appellants argue, however, that the test to determine whether the grabbing of the wheel was within the scope of the permission is one of foreseeability. Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 298 (La.1976); American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). They assert that reasonable minds might disagree over that conclusion and therefore summary judgment is inappropriate.
We disagree. The facts were stipulated. Whether or not Nelson had permission to grab the steering wheel is a legal conclusion the court must arrive at from those stipulated facts, just as the lower courts reached a conclusion of contributory negligence and the Supreme Court agreed in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
The litigants have stipulated to the facts and have thoroughly and excellently briefed the law. It is our allotted task to arrive at legal conclusions on those facts and that law. If we are to refrain from making a decision under these circumstances because there may be some argument as to what the law is or should be, the use of summary judgment would be nonexistent or virtually so. The parties agree we have all the facts;[1] they have presented us the law. We believe summary judgment is appropriate.
We agree, too, with the legal conclusion of the trial court. While there evidently have been no Louisiana cases to consider this point, we agree with the Illinois Court in State Farm Mutual Insurance Co. v. Larsen, 62 Ill.App.3d 1, 18 Ill.Dec. 582, 377 N.E.2d 1218 (1st Dist. 1978) when it said that the grabbing of a steering wheel exceeded the scope of permission to be a passenger. See also United States Fidelity & Guaranty Co. v. Hokanson, (1978), 2 Kan. App. 580, 584 P.2d 1264.
For these reasons the judgment is affirmed at appellants’ costs and the case is remanded for further proceedings.
AFFIRMED AND REMANDED.
LOTTINGER, J., dissents and assigns reasons.
ELLIS, C. J., dissents for reasons assigned by LOTTINGER, J.

. It has been suggested that statistics might be available as to the frequency of the grabbing of steering wheels by distraught passengers. We have no such evidence before us and the mere possibility that such an issue could be raised is insufficient to defeat a summary judgment. Atkinson v. Allstate Ins. Co., 361 So.2d 32 (3d Cir. 1978).