[No. 7670-9-III.   Division Three.   May 12, 1987.]

VIKING INSURANCE COMPANY OF WISCONSIN, *Respondent,* v.
LARRY N. ZINKGRAF, *Defendant,* SANDRA L.
HARRIS, *Appellant.*

*Thomas M. Smith,* for appellant.

*Harold D. Clarke* and *Turner, Stoeve, Gagliardi & Goss,* for respondent.

MUNSON, J.—Sandra L. Harris appeals a summary judgment in favor of Viking Insurance Company of Wisconsin. The trial court held Viking's automobile insurance policy issued to Larry N. Zinkgraf did not provide coverage to Ms. Harris. We affirm.

At the time of the accident, Ms. Harris and Mr. Zinkgraf resided together and each owned a car. On November 12, 1984 while Ms. Harris was driving her car, Mr. Zinkgraf, a

passenger in the front seat, unexpectedly grabbed the steering wheel causing the car to leave the road and strike a tree. Ms. Harris was not insured. Mr. Zinkgraf had an automobile insurance policy issued by Viking. Ms. Harris sued Mr. Zinkgraf for personal injuries and property damage. Viking filed a complaint for a declaratory judgment, contending the language in the policy under the heading: "Cars We Insure": "*Your* use of any non–owned *car* must be with the permission of the owner," did not provide coverage to Ms. Harris. The trial court agreed and granted summary judgment in favor of Viking; Ms. Harris appeals.

On appeal, Viking contends an endorsement which changed the word "use" *to* "driving" was in effect at the time of the accident. Because we hold neither provision provides coverage in this situation, we need not decide which provision applies to Mr. Zinkgraf. The issue is whether a passenger who grabs the steering wheel is "using" or "driving" the car "with the permission of the owner."

The interpretation or construction of insurance policy language is a question of law. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). An inclusionary clause in an insurance policy should be liberally construed to provide coverage whenever possible. *Riley v. Viking Ins. Co.,* 46 Wn. App. 828, 829, 733 P.2d 556 (1987). Where an ambiguity exists, the policy must be construed in favor of the insured. *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.,* 106 Wn.2d 901, 907, 726 P.2d 439 (1986) (citing *Morgan v. Prudential Ins. Co. of Am.,* 86 Wn.2d 432, 434–35, 545 P.2d 1193 (1976)).

In *Dobosh v. Rocky Mt. Fire & Cas. Co.,* 43 Wn. App. 467, 469, 717 P.2d 793 (1986), the court, in determining whether passengers are covered under an uninsured motorist endorsement, held that "using" means more than merely occupying a car; it refers to exercising control over the car. The court reasoned that because a passenger would not be subject to liability for the act of being a passenger, the passenger would not be "using" the car for the purpose of lia-

bility coverage. *Dobosh,* at 470.

The term "use" in an automobile insurance policy has been defined as "[a]ny exercise of control over the vehicle . . . regardless of its purpose, extent, or duration." 12 G. Couch, *Insurance* § 45:64 (2d ed. 1981). Because ambiguities are to be construed in favor of the insured, a passenger who grabs the steering wheel can be said to be "using" the car. The same conclusion might be reached under the "driving" endorsement. *See State Farm Mut. Auto. Ins. Co. v. Larsen,* 62 Ill. App. 3d 1, 377 N.E.2d 1218, 1221 (1978); *United States Fid. & Guar. Co. v. Hokanson,* 2 Kan. App. 2d 580, 584 P.2d 1264, 1267 (1978); *West Bend Mut. Ins. Co. v. Milwaukee Mut. Ins. Co.,* 384 N.W.2d 877, 879 (Minn. 1986). *But see State Farm Mut. Auto. Ins. Co. v. White,* 60 Or. App. 666, 655 P.2d 599, 601–02 (1982). In order to find coverage, however, we must find Mr. Zinkgraf had the permission of Ms. Harris to grab the steering wheel.

██ Ms. Harris contends the phrase "use . . . with the permission of the owner" is so broad and inclusive that a passenger who is permitted into the car and grabs the steering wheel comes within its scope. We disagree. A court cannot modify clear and unambiguous language in an insurance policy under the theory of construing it. *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 528, 707 P.2d 125 (1985). Although he had permission to be a passenger in her car, both Mr. Zinkgraf and Ms. Harris stated in their depositions he did not have permission to grab the steering wheel. It has been consistently held the grabbing of a steering wheel exceeds the scope of permission to ride as a passenger. *See State Farm Mut. Auto. Ins. Co. v. Larsen,* 377 N.E.2d at 1222; *United States Fid. & Guar. Co. v. Hokanson,* 584 P.2d at 1269; *Millet v. Nelson,* 408 So. 2d 360, 361 (La. Ct. App. 1981); *State Farm Mut. Auto. Ins. Co. v. White,* 655 P.2d at 601. Therefore, by unexpectedly grabbing the steering wheel, Mr. Zinkgraf did not use or drive the car "with the permission" of Ms. Harris.

The summary judgment is affirmed.

GREEN and SWANSON, JJ., concur.