**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Bob JENKINS, and Louise M. Adams and Allen T. Adams, Jr., Defendants.**

and

**Larry D. Gray, and J.C. Penney Casualty Insurance Company, Defendants–Appellants.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Aug. 18, 1988.

Application for Permission to Appeal Denied by Supreme Court Oct. 31, 1988.

James W. Fletcher, Greeneville, for plaintiff-appellee, State Farm Mut. Auto. Ins. Co.

James M. Davis, Morristown, for defendant-appellant, Larry D. Gray.

Arnett, Draper & Hagood, Knoxville, for defendant-appellant, J.C. Penney Cas. Ins. Co.

CRAWFORD, Judge.

This is a declaratory judgment action brought by plaintiff, State Farm Mutual Automobile Insurance Company, against defendants, Bob Jenkins, Louise M. Adams, Alan T. Adams, Jr., Larry D. Gray and J.C. Penney Casualty Insurance Company, to determine if the State Farm automobile liability insurance policy provides liability coverage to defendant, Bob Jenkins. From the judgment of the trial court declaring that the policy does not provide liability coverage to Mr. Jenkins, the defendants have appealed.

The only issue for review is whether the trial court erred in holding that the policy did not provide coverage.

State Farm's complaint alleges in part pertinent to the controversy herein as follows:

7. On the 8th day of February, 1986, State Farm had in full force and effect an automobile insurance policy issued to the defendants, Louise M. Adams and Allen T. Adams, Jr., to-wit: Policy No. 4763–073–42 on a 1982 VW Rabbit, a certified copy of said policy filed herewith as Exhibit "1".

8. On February 8, 1986, the defendant, Louise M. Adams, had been operating the above-described automobile on North Liberty Hill Road in Hamblen County, Tennessee, in a careful and lawful manner when suddenly and unexpectedly the defendant, Bob Jenkins, grabbed the steering wheel causing the vehicle to leave the roadway and collide with a power pole and thus causing injuries to the occupants of said vehicle.

9. Larry D. Gray, a passenger in the aforesaid vehicle, has filed a lawsuit in the Circuit Court of Hamblen County, Tennessee, styled *Larry D. Gray v. Louise M. Adams and Allen T. Adams and Bob Jenkins,* Civil Action No. 86–CV–66, seeking damages in the amount of $750,000.00.

10. State Farm has employed counsel to defend Louise M. Adams in the above-styled action.

11. State Farm has, also, employed separate counsel to enter a defense for the defendant, Bob Jenkins; however, in doing so, he has been notified that it is under a non-waiver and reservations of right of State Farm to deny liability at any time, for reasons hereinafter set forth.

12. State Farm avers there is no coverage to defendant, Bob Jenkins, for the accident of February 8, 1986, inasmuch as he does not qualify as an insured under the provisions of the aforesaid policy, particularly SECTION 1—LIABILITY—COVERAGE A, Page 6:

"...

"Who is an insured

"When we refer to your car, a newly acquired car or temporary substitute car, insured means:

"1. you;

"...

"4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and"

\*   \*   \*   \*   \*   \*

The defendants' answers admit the policy provisions were in full force and effect, but

join issue on the allegations of the complaint concerning the circumstances of the accident.

A review of the record reveals the following pertinent testimony:

Louise Adams testified that she, Bob Jenkins and Larry Gray were together on the night of February 8, 1986. They had visited two American Legion clubs in Morristown, Tennessee. All three of them had been drinking intoxicating beverages, and she testified that Bob Jenkins was drunk or under the influence of an intoxicant, but that she was not drunk or under the influence. She states that she had driven to the clubs and intended to take Jenkins and Gray home when they left the last club visited. Mrs. Adams states that she and Jenkins got into an argument about whether Gray or Jenkins would be taken home first, and then Jenkins became quite angry with her because she was taking him home first. At the time of the accident, Mrs. Adams was driving the Volkswagon automobile insured by State Farm, Jenkins was riding in the right front passenger seat and Gray was riding in the rear seat. She was proceeding down a thoroughfare in Morristown and made a lefthand turn onto another thoroughfare. After making the turn, she states that Jenkins suddenly, without any warning, grabbed the steering wheel causing the vehicle to turn to the side and strike a telephone pole. This resulted in extensive vehicle damage and personal injuries to the occupants of the vehicle.

Jenkins admitted that he was drunk or under the influence of intoxicants at the time of the accident, but states that Louise Adams was also drunk. He states that she made the lefthand turn and lost control of the vehicle as she made the turn. According to Jenkins, he either grabbed or attempted to grab the steering wheel to try to regain control of the vehicle, but the vehicle struck the pole.

Gray testified that in his opinion Louise Adams was not drunk, but that she was making the turn at an excessive speed. He does not know anything about what caused the car to hit the pole and does not know if Jenkins grabbed the steering wheel. Basically his testimony was to the effect that he was in the back seat and did not see what was happening.

Jenkins contends that Adams lost control of the car and there was an emergency situation which created her implied consent for him to attempt to take control of the vehicle to prevent an accident. Louise Adams and State Farm assert that there was no emergency situation, that Jenkins suddenly grabbed the wheel of the car and caused the accident, and that under no circumstances was there any implied consent for Jenkins to take control of the vehicle.

The trial court found that Louise Adams was not drunk or under the influence of intoxicants, that Bob Jenkins was drunk and under the influence of intoxicants, that although Adams was driving the vehicle with less than full control, there was no emergency situation which would create implied consent for Jenkins to operate or use the vehicle, and when Jenkins grabbed the steering wheel, he was using the vehicle without the consent of Adams, the named insured.

■ Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

The trial judge specifically commented that he accorded more credibility to the testimony of Mrs. Adams than to the testimony of Mr. Jenkins. In this nonjury case, the trial judge as the trier of fact had the opportunity to observe the manner and demeanor of all the witnesses as they testified from the witness stand. The weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact and the credibility accorded will be given great weight by the appellate court. *Town of Alamo v. Forcum–James Co.*, 205 Tenn. 478, 327 S.W.2d 47 (1959); *Sisk v. Valley Forge Insurance Company*, 640 S.W.2d 844 (Tenn.App.1982).

From our review of the record, we cannot say that the evidence preponderates against the trial court's finding that Jenkins grabbed the steering wheel when there was no impairment of Adams' driving ability.

Counsel have not cited, nor has our research revealed any Tennessee cases dealing with the question of liability coverage under an automobile liability policy for a passenger who grabs the steering wheel while the vehicle is in operation. Therefore, we will look to our sister states for guidance.

In *Viking Insurance Co. of Wisconsin v. Zinkgraf,* 47 Wash.App. 645, 737 P.2d 268 (1987), the passenger's liability insurance carrier filed a declaratory judgment suit seeking a declaration that the passenger was not entitled to coverage under his policy for the use of a non-owned car where the policy provision provided that the use of the non-owned car "must be with the permission of the owner." The insured was riding as a passenger and unexpectedly grabbed the steering wheel causing the car to leave the road and strike a tree. The owner and driver of the automobile was injured and filed suit against the insured for the damages sustained. In the declaratory judgment suit, the owner and driver of the car contended that "the phrase 'use ... with the permission of the owner' is so broad and inclusive that a passenger who is permitted into the car and grabs the steering wheel comes within its scope." *Id.* at 645, 737 P.2d at 269. The court, holding that the insured passenger was not entitled to liability coverage under his policy, stated:

> Although he [Zinkgraf] had permission to be a passenger in her car, both Mr. Zinkgraf and Ms. Harris stated in their depositions he did not have permission to grab the steering wheel. It has been consistently held the grabbing of a steering wheel exceeds the scope of permission to ride as a passenger. [Citations omitted] Therefore, by unexpectedly grabbing the steering wheel, Mr. Zinkgraf did not use or drive the car "with the permission" of Ms. Harris.

*Id.* at 646, 737 P.2d at 269. For a similar holding *see State Farm Mutual Automobile Insurance Co. v. Larsen,* 62 Ill.App.3d 1, 18 Ill.Dec. 582, 377 N.E.2d 1218 (1978).

We agree with the reasoning of the Washington court, and under the circumstances of the case before us, the grabbing of the steering wheel by Jenkins, if considered a use of the vehicle within the meaning of the policy, was certainly not a use of the vehicle "within the scope of consent" of the named insured.

Therefore, we affirm the judgment of the trial court and remand this case for such further proceedings as may be necessary. Costs of appeal are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.