UNITED STATES FIRE INSURANCE COMPANY, Appellant,

v.

UNITED SERVICE AUTOMOBILE ASSOCIATION, Appellee.

No. 05–88–01042–CV.

Court of Appeals of Texas, Dallas.

May 11, 1989.

Rehearing Denied June 15, 1989.

John H. Marks, Jr., Mark M. Donheiser, Michelle R. Sherman, Dallas, for appellant.

Mark E. Smith, Sidney H. Davis, Jr., Dallas, for appellee.

Before WHITHAM, THOMAS and BURNETT, JJ.

WHITHAM, Justice.

This appeal involves a dispute between insurers over which insurer has the duty to defend Anna Milliken, a passenger in an automobile, who allegedly caused an accident by grabbing the steering wheel of a moving vehicle. There are three policies at issue: one, the United States Fire Insurance Company automobile liability policy

covering the automobile involved in the accident; two, the United Service Automobile Association automobile liability policy issued to the father of the passenger who grabbed the steering wheel; and three, the United Service Automobile Association homeowner's policy issued to the father of the passenger. This declaratory judgment action was filed by United Service against Anna Milliken and U.S. Fire to determine who, if anyone, had the duty to defend Anna Milliken on an underlying liability lawsuit filed against her. Both insurers filed motions for summary judgment. The trial court granted the motion of appellee, United Service Automobile Association, and denied the motion of appellant, United States Fire Insurance Company. U.S. Fire appeals. We agree with the trial court that U.S. Fire had the duty to defend. Accordingly, we affirm.

The underlying liability lawsuit arose out of an accident that occurred when Anna was riding back with Douglas Martin from a church sponsored retreat. The car Douglas was driving was owned by his father and was covered by the U.S. Fire policy. Douglas testified that there was some swerving and horseplay prior to the accident. Anna testified that Douglas was zigzagging the wheel back and forth prior to the accident and that she grabbed the wheel on two occasions prior to the accident in an effort to play back with him. The first time Douglas did not object, and the second time was immediately prior to the accident. Anna testified that she and Douglas were "just kind of playing around." Deposition excerpts are made a part of the record pursuant to stipulations. Anna brought suit against Douglas for injuries she sustained in the accident. Douglas counterclaimed against Anna for his injuries. This counterclaim gives rise to the dispute regarding the duty to defend. The relevant portion of Douglas's counterclaim states as follows:

> Suddenly and without warning [Anna] grabbed the steering wheel of the car, causing it to leave the road, run into a ditch and seriously injure [Douglas], who was a minor at the time of said accident.

U.S. Fire issued a Texas personal automobile policy to Robert Martin covering the vehicle involved in the accident. The liability portion of the U.S. Fire policy provides liability coverage for any "covered person" which is defined, in part, as "any person using your covered auto." The policy also contains an exclusion excluding liability for any person "using a vehicle without a reasonable belief that that person is entitled to do so." United Service issued a Texas personal automobile policy to Anna's father, Frank Milliken. This policy also provides liability coverage to a "covered person," which is defined in part to mean "you or any family member for the ownership, maintenance or use of any auto or trailer." The United Service automobile policy also contains the same exclusion for persons "using a vehicle without a reasonable belief that that person is entitled to do so." The United Service policy also provides in its "Other Insurance" clause that "any liability insurance we provide to a covered person for the maintenance or use of a vehicle you [Frank Milliken] do not own shall be excess over any other applicable liability insurance." United Service also issued a homeowner's policy to Frank Milliken. Anna is an insured under this policy, but the liability section of the homeowner's policy contains an exclusion discussed below.

In its first, fifth, and seventh points of error, U.S. Fire contends that the trial court erred in granting United Service's motion for summary judgment because there are genuine issues of material fact as to whether Anna was (1) using the vehicle and (2) operating the vehicle. First, we address the exclusion in the homeowner's policy. For the purposes of this opinion we assume, but do not decide, that U.S. Fire has standing to complain of the trial court's ruling as to the United Service homeowner's policy. Exclusion 4.a(2) under Coverage D of the United Service homeowner's policy provides that the liability coverage provided under the policy shall not apply to conduct arising out of:

> The ownership, maintenance, operation, use, loading or unloading of: ... any motor vehicle owned or (2) operated by or rented or loaned to any insured.

We conclude that if this exclusion is applicable, then there is no liability coverage (and thus no duty to defend) for Anna in this instance under the United Service homeowner's policy. We reach this conclusion because, based on the express wording of the exclusion, it is clear that the exclusion would be applicable if Anna was "using" and "operating" the Martin automobile at the time of the accident. Hence, we reach the questions of whether Anna was "using" the Martin automobile and whether Anna was "operating" the Martin automobile.

■ First, we consider the question of "use." The issue of "use" of the automobile by Anna arises both under the United Service homeowner's policy and the two automobile policies. At the time of the accident, it is undisputed that Anna was riding as a passenger in the Martin automobile. We conclude that this fact alone constitutes a "use" of the automobile. *See State Farm Mutual Auto. Ins. Co. v. Francis,* 669 S.W.2d 424, 427 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.) (passenger in car hauling trailer held to be a "user"); *Home Indem. Co. v. Lively,* 353 F.Supp. 1191, 1194 (W.D.Okla.1972) (passenger throwing pop bottle from vehicle held to be "user"); *National Am. Ins. Co. v. Insurance Co. of N. Am.,* 74 Cal.App.3d 565, 571, 140 Cal.Rptr. 828 (1977) (passenger throwing egg from car held to be "user"). Moreover, we conclude that a passenger who grabs the steering wheel of a moving automobile is "using" the automobile within the meaning of a liability policy. *See United States Fidelity and Guar. Co. v. Hokanson,* 2 Kan.App.2d 580, 584 P.2d 1264, 1267 (1978); *Viking Ins. Co. of Wis. v. Zinkgraf,* 47 Wash.App. 645, 737 P.2d 268, 269 (1987). We note the applicability of the reasoning in *Hokanson:*

> When Deborah Cookson [the passenger] grabbed the steering wheel she obtained the *use* of the vehicle. By grabbing the wheel and exerting a force on it, she obtained control of the vehicle, even though for only an instant. It is immaterial that she exercised control solely for the purpose of perpetrating a prank.

*Hokanson,* 584 P.2d at 1267 (emphasis added). We see no real difference in Deborah's conduct and in Anna's conduct. Therefore, we conclude that Anna's act of seizing the steering wheel and Anna's occupancy of the vehicle as a passenger constitute a "use" of the automobile within the provisions of Exclusion 4.a(2) under Coverage D of the United Service homeowner's policy.

■ Next, we turn to the question of "operating." We conclude that Anna was also "operating" the vehicle when she grabbed the steering wheel. Again, we read *Hokanson* as instructive:

> By grabbing the wheel and exerting a force on it, she obtained control of the vehicle, even though for only an instant. . . .
> We believe that when a person takes control of a moving vehicle, even though for only an instant, that person has gained control over it and is *operating* it within the normal definition and understanding which ordinary laymen would give to an insurance policy.

*Hokanson,* 584 P.2d at 1267. *See also State Farm Mut. Auto. Ins. Co. v. Larsen,* 62 Ill.App.3d 1, 18 Ill.Dec. 582, 585, 377 N.E.2d 1218, 1221 (1978). In *Larsen,* the passenger seized the steering wheel and thus was "operating" the vehicle:

> However, we feel that although Snower may have been acting as a passenger upon entering the Dodge, he was in fact *operating* the Foreman vehicle just prior to the collision. Snower's act of grabbing the steering wheel and turning it caused the automobile to cross the median strip and enter the westbound traffic lanes. Accordingly, it is evident that he exerted dominion and control over the Dodge at that time.

*Larsen,* 377 N.E.2d at 1221 (emphasis added). Because it is alleged that Anna grabbed the steering wheel of the Martin automobile and caused it to leave the road, we conclude that Douglas is alleging that Anna was asserting dominion and control over the vehicle immediately prior to the accident. As in *Hokanson* and *Larsen,* we conclude that this exercise of dominion and

control over the Martin automobile constitutes "operation" of the vehicle which brings Anna's alleged conduct directly within the express terms of Exclusion 4.a(2) under Coverage D of the United Service homeowner's policy. Because the alleged conduct of Anna (as alleged in the counterclaim filed against her) constitutes both a "use" and an "operation" of the automobile, we conclude that the express terms of Exclusion 4.a(2) under Coverage D of the United Service homeowner's policy are met, thus eliminating any duty to defend under the homeowner's policy.

Before finally disposing of U.S. Fire's first point of error complaining that the trial court erred in granting United Service's motion for summary judgment, we must address the question of whether the trial court correctly granted summary judgment in favor of United Service on the issue of United Service's duty to defend under the United Service automobile policy. Thus, we address the reach of the two automobile liability policies. Two factors determine whether or not Anna has liability coverage in this case under the U.S. Fire and the United Service automobile liability policies: first, whether Anna was "using" the Martin automobile at the time of the accident; and second, whether Anna was using the vehicle "without a reasonable belief" that she was entitled to do so. The first inquiry pertains to whether Anna is a "covered person" under either policy, and the second inquiry pertains to whether coverage under either policy is excluded. The key point, however, is that the inquiries to determine coverage under both automobile policies are identical. Either Anna will have liability coverage under both the U.S. Fire and the United Service automobile liability policies, or she will have no liability coverage under either policy.

It is undisputed and uncontested by U.S. Fire that if both automobile liability policies provide coverage to Anna, then under Texas law, the U.S. Fire policy would be the primary policy, and the United Service automobile policy would be the excess policy. *See Snyder v. Allstate Ins. Co.,* 485 S.W.2d 769, 770 (Tex.1972). As the primary insurer, the duty to defend Anna

under the automobile policies would fall on U.S. Fire. *Snyder,* 485 S.W.2d at 771. This is undisputed, and U.S. Fire did not contest this issue in the trial court and has not raised this issue on appeal. We conclude, therefore, that the trial court's ruling that United Service had no duty to defend Anna under the United Service automobile policy was correct. We reach this conclusion as follows. If Anna was not "using" the automobile at the time of the accident or did not have a "reasonable belief" that she was entitled to use the automobile at the time of the accident, then there would be no coverage (and no duty to defend) under either the U.S. Fire or the United Service automobile policy. However, if Anna was "using" the automobile at the time of the accident and did have a "reasonable belief" that she was entitled to use the automobile at the time of the accident, then the provisions of both the United Service and the U.S. Fire automobile liability policies would be applicable, but the duty to defend Anna would fall on U.S. Fire as the primary insurer. In either case, United Service would not be responsible for Anna's defense under its automobile policy. We have previously concluded that Anna was "using" the automobile within the meaning of the homeowner's policy. On the same reasoning and authorities we now conclude that Anna was "using" the automobile within the meaning of the two automobile liability policies. Later in this opinion we address the inquiry of whether Anna had a "reasonable belief" that she was entitled to use the automobile at the time of the accident and decide the question against U.S. Fire. It follows, therefore, that the trial court correctly granted United Service's motion for summary judgment and decided that United Service did not have a duty to defend Anna under the United Service automobile liability policy. We overrule U.S. Fire's first, fifth, and seventh points of error. Also, in its second point of error, U.S. Fire contends that the trial court erred in denying its motion for summary judgment. U.S. Fire briefs and argues its second point of error together with its first point of error. We have

above overruled U.S. Fire's first point of error. For the reasons there expressed, we overrule U.S. Fire's second point of error.

Further, in its fourth and sixth points of error, U.S. Fire contends that the trial court erred in denying its motion for summary judgment because as a matter of law (1) Anna was not using the vehicle with permission of the named insurer and (2) Anna was not using the vehicle. We have previously concluded that Anna was "using" the vehicle within the meaning of the United Service homeowner's policy. We have previously concluded that the rationale and authorities followed to reach that conclusion mandate a holding that Anna was "using" the vehicle within the language and meaning of the two automobile liability policies. Consequently, we conclude that Anna was "using" the vehicle under the provisions of the U.S. Fire automobile liability policy. We overrule U.S. Fire's sixth point of error.

 Thus, we reach U.S. Fire's assertion that Anna was not using the vehicle with permission of the named insured. U.S. Fire would have us hold that as a matter of law Anna was not using the vehicle with permission of the named insured. In doing so, U.S. Fire seeks to divert us from the inquiry into whether Anna had a "reasonable belief" that she was entitled to use the automobile at the time of the accident. Therefore, U.S. Fire would have us focus on an act of the named insured—permission—rather than on Anna's act—"belief." We conclude that U.S. Fire takes this approach because it recognizes that Anna's "belief" is a nonissue in the present case and, therefore, affords it no relief. We reach this conclusion in this manner. U.S. Fire looks to the counterclaim filed against Anna as determining an insurer's duty to defend. Indeed, an insurer's duty to defend is determined by the allegations in the petition filed against the insured. *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973). We quote U.S. Fire's brief:

> In suing Anna Milliken, Douglas martin [sic] plead that she "suddenly and with-

out warning ... grabbed the steering wheel of the car...." Transcript at 129. Relying solely on the pleaded allegations and the policy language, U.S. Fire submits that this pleading establishes the application of the relevant exclusion, i.e., that Anna Milliken was not using the vehicle with a reasonable belief that she was entitled to do so. *One does not do something "suddenly and without warning" which one reasonably believes one is entitled to do.* Based solely on the pleading in the policy, [sic] United States Fire should be granted judgment that it has no duty to defend Anna Milliken in the claims against her by Douglas Martin.

(Emphasis added.) Hence, U.S. Fire would have us negate Anna's "belief" as a matter of law because she acted "suddenly and without warning." Indeed, "suddenly and without warning" in this context refers to surprise experienced by the driver. The phrase does not refer to a perception on the part of the actor-passenger. We decline to hold that the exclusion provided in section A.(8) of the U.S. Fire policy excluding liability coverage for any person "using a vehicle without a reasonable belief that the person is entitled to do so" shall be determined by the amount of surprise experienced by the driver of a vehicle when the passenger grabs the steering wheel. We conclude, therefore, that the inquiry does not focus on the named insured's permission as U.S. Fire would have us hold.

 Instead, the allegations against the insured should be considered in light of the policy provisions without reference to the truth or falsity thereof and without reference to what the parties know or believe the true facts to be. *Heyden Newport Chemical Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965). In the present case, the relevant pleading against Anna is the counterclaim filed against her. In that pleading, Martin alleges that:

> Suddenly and without warning, [Anna] grabbed the steering wheel of the car, causing it to leave the road, run into a ditch and seriously injure [Douglas]....

This is the only portion of the counterclaim pleading that U.S. Fire relies on to exclude coverage under its policy. In examining the specific language of the counterclaim set forth above, there is nothing in that language which indicates that Anna did not have a "reasonable belief" that she was entitled to grab the steering wheel of the car. The words "suddenly and without warning" refer only to Douglas's perception of events. Nothing in that sentence or in the entire counterclaim alleges or suggests that Anna did not have a reasonable belief that she was entitled to grab the steering wheel. This is the test expressly prescribed under the terms of Exclusion A.(8) of the U.S. Fire policy. The issue is *not* whether Anna had the express or implied permission of Douglas to grab the steering wheel (which is the inquiry made in many of the cases cited by U.S. Fire in its brief); rather, the issue is whether Anna had a "reasonable belief" that she was entitled to grab the steering wheel when she did. We read the Martin counterclaim as silent on this point. Since there is no allegation in the counterclaim which would indicate that Anna did not have a reasonable belief that she was entitled to grab the steering wheel, we conclude that there is no allegation on which to base a denial of coverage and refusal to defend under Exclusion A.(8) of the U.S. Fire policy. Therefore, considering only the language in the Martin counterclaim (as U.S. Fire requests in its brief), we conclude that U.S. Fire, as the primary insurer in this case, has the duty to defend Anna since there is no allegation in the counterclaim suggesting that Anna did not have a reasonable belief that she was entitled to grab the steering wheel when she did. We overrule U.S. Fire's fourth point of error.

In its third point of error, U.S. Fire contends that the trial court erred in granting United Service's motion for summary judgment because there is a genuine issue of material fact as to whether Anna was using the vehicle in question with the permission of the named insured. U.S. Fire briefs and argues its third point of error together with its fourth point of error. In light of our disposition of U.S. Fire's fourth point

of error, we conclude that in the present case there is no genuine issue of material fact as to whether Anna was using the vehicle in question with the permission of the named insured. We overrule U.S. Fire's third point of error. We also overrule U.S. Fire's second point of error for the additional reasons as expressed in our disposition of U.S. Fire's fourth and sixth points of error.

Having overruled U.S. Fire's seven points of error, we affirm the trial court's judgment.