**Ken CHANDLER d/b/a Hilltop Auto Salvage, Appellant,**

v.

**Kurt HOUSHOLDER and Irene Housholder, Appellees.**

No. 11–86–106–CV.

Court of Appeals of Texas, Eastland.

Dec. 11, 1986.

Rehearing Denied Jan. 29, 1987.

Hunter B. Brush, Tyler, for appellant.

William M. Routon, II, Law Offices of Chester C. Timbs, P.C., Tyler, for appellees.

Opinion

RALEIGH BROWN, Justice.

This case involves a cause of action under the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. secs. 17.41–17.63 (Vernon Pamph.Supp.1986). Kurt Housholder and his mother, Irene Housholder, brought suit against Ken Chandler, alleging that Chandler's conduct violated various sections of the Act. Following a nonjury trial, the court made findings of fact and conclusions of law that the action of Chandler in leaving plaintiffs' automobile in the Sears parking lot unattended and unlocked with the keys in the ignition was unconscionable. This conclusion was the sole basis of the judgment which awarded actual damages of $2,300 and attorney's fees. Chandler appeals. We reverse and render.

Kurt Housholder contracted with Ken Chandler, d/b/a Hilltop Auto Salvage, for Chandler to repair the automatic transmission on Housholder's automobile. The repairs were completed and paid for, and the vehicle was delivered to Housholder. Housholder drove the vehicle home and immediately realized that it was not functioning properly. According to his testimony, the vehicle "wasn't pulling right." Approximately three weeks later, Housholder drove the automobile back to Chandler's shop. Chandler examined the automobile and discovered some damage to the underside of the vehicle. The "coil line" was damaged, and the transmission frame was warped. Chandler repaired the coil line. He then notified Housholder of his findings and asked Housholder if the automobile had been taken to any other repair shops in the interim time period. Housholder acknowledged that the automobile had been taken to Sears Roebuck & Company for the tires and brakes to be replaced.

Chandler advised Housholder that the car needed to be returned to Sears for repairs. The evidence is controverted as to whether Housholder agreed to such return. In any event, the automobile was towed to the Sears parking lot by one of Chandler's employees. The automobile was left unlocked and unattended with the keys in the ignition; it subsequently disappeared from the Sears parking lot and was never seen again by Housholder.

Chandler urges four points of error. Point of Error No. 1 alleges that the court erred in finding that Housholder was a "consumer" as defined by the Act. In Point of Error No. 2, the contention is made that the acquisition of Chandler's services to tow Housholder's car to Sears was not a "consumer transaction" as defined by the Act. Point of Error No. 3 contests the trial court's finding that Chandler's action [leaving the automobile at Sears unattended and unlocked with the keys in the ignition] was unconscionable. Point of Error No. 4 states that the trial court erred in awarding actual damages to Housholder of $2,300, attorney's fees of $1,300, and court costs of $70. A cross-point is urged by Housholder who insists that the trial court erred in not doubling the first $1,000 of actual damages.

Chandler's third point of error is dispositive of the case. Chandler argues that the trial court erred in finding that his act of leaving the car unattended and unlocked, with the keys in the ignition constituted an unconscionable action under the Act. Section 17.45(5) defines an "unconscionable action or course of action" as:

[A]n act or practice which, to a person's detriment:

(A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or

(B) results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration.

In its conclusions of law, the trial court concluded:

That the action or course of action by Ken Chandler or his employee or agent in leaving the car in question in the Sears parking lot unattended and unlocked, without insuring that a Sears employee had assumed care and custody, and with the car keys left in the ignition, was unconscionable.

■ The primary emphasis in construing the Deceptive Trade Practices Act is on the intention of the legislature, keeping in view "the old law, the evil and the remedy." *Pennington v. Singleton*, 606 S.W.2d 682, 686 (Tex.1980); *Woods v. Littleton*, 554 S.W.2d 662, 665 (Tex.1977). The intent should be determined from the entire Act and not from an isolated part. *Big H Auto Auction, Inc. v. Saenz Motors*, 665 S.W.2d 756, 758 (Tex.1984); *Pennington v. Singleton*, 606 S.W.2d at 686. The Act states in Section 17.44 that its underlying purposes are "to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty."

In *Chastain v. Koonce*, 700 S.W.2d 579, 583–84 (Tex.1985), the Supreme Court, in considering whether there was evidence to support a jury finding of unconscionability, said:

Section 17.45(5) is intended to be an objective standard.... The term "gross" should be given its ordinary meaning of glaringly noticeable, flagrant, complete and unmitigated.... Taking advantage of a consumer's lack of knowledge to a grossly unfair degree thus requires a showing that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated.

See also *Tri-Continental Leasing Corp. v. Law Office of Richard W. Burns*, 710 S.W.2d 604, 609 (Tex.App.—Houston [1st Dist.] 1986, no writ).

■ With these principles in mind, we hold that the trial court erred in concluding that Chandler's act of leaving the car unattended and unlocked with the keys in the ignition was "unconscionable" as defined in Section 17.45(5)(A) & (B). There is no evi-

dence or finding of fact in the record that Chandler's conduct took advantage of the lack of Housholder's knowledge, ability, experience, or capacity to a grossly unfair degree. Nor is there any evidence or findings of fact that Chandler's conduct resulted in a gross disparity between the value received and consideration paid in a transaction involving transfer of consideration.

Housholder's cause of action is based solely on the theory that a violation of the Deceptive Trade Practices Act had occurred. There are no allegations in his petition complaining of any negligent acts or omissions by Chandler. Neither were there any allegations that Chandler was a bailee. Such issues were not tried by consent. Since the judgment of the trial court is solely supported by the conclusion of law that Chandler's actions were "unconscionable," the judgment is in error. The judgment of the trial court must be reversed, and judgment should be rendered by this Court as should have been rendered by the trial court. TEX.R.APP.P. 81(c); *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176–77 (Tex.1986); *National Life and Accident Insurance Company v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969).

The judgment is reversed, and judgment is rendered that Housholder take nothing.