Nicole Poppy, by her Guardian ad Litem, John C. Cabaniss and Blue Cross and Blue Shield United of Wisconsin, Plaintiffs,

v.

Thomas Muehlenberg, National School Bus Service, Inc., a Delaware corporation and National Union Fire Insurance Company of Pittsburgh, Defendants-Third Party Plaintiffs-Appellants,†

Maggie Kriese, by her Guardian ad Litem, Jeffrey Kriese, ABC Insurance Company and DEF Insurance Company, Third Party Defendants,

American Family Mutual Insurance Company, Third Party Defendant-Respondent.

Court of Appeals

*No. 97–0822–FT. Submitted on briefs August 26, 1997.—Decided November 4, 1997.*

(Also reported in 571 N.W.2d 914.)

†Petition to review denied.

58

On behalf of the defendants-third party plaintiffs-appellants, the cause was submitted on the briefs of *Paul J. Pytlik* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

On behalf of the third party defendant-respondent, the cause was submitted on the brief of *Timothy J. Pike* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

WEDEMEYER, P.J. Thomas Muehlenberg, National School Bus Service, Inc. and National Union Fire Insurance Company appeal from the trial court's summary judgment in favor of American Family Mutual Insurance Company. The issue is whether Maggie Kriese, a child riding a school bus, was using or operating the bus within the meaning of a homeowner's insurance policy issued to her parents when she stepped on the brake pedal causing the bus to come to an abrupt halt. We conclude that Kriese was using or operating the school bus. Accordingly, we affirm.

Fourteen year-old Maggie Kriese was riding on a school bus driven by Thomas Muehlenberg. Kriese stepped on Muehlenberg's foot while it was on the brake pedal, causing the bus to stop abruptly. There is a factual dispute as to whether Kriese had permission from Muehlenberg to step on the brake pedal. Another child, Nicole Poppy, was thrown forward as a result of the sudden stop and broke her arm.

Poppy brought an action against Muehlenberg, National School Bus Service, his employer, and National Union Fire Insurance Company, its insurer. In turn, those defendants commenced a third-party action against Maggie Kriese, her parents, and American Family Mutual Insurance Company, who had issued a homeowner's insurance policy to the Krieses.[1]

---

[1] American Family had also issued an automobile insurance policy to the Krieses. The parties have agreed that the automobile insurance policy does not provide coverage for the

American Family filed a motion for summary judgment seeking dismissal from the action based on a clause in the homeowner's policy which excludes coverage when an insured is "using" or "operating" any type of motor vehicle. The trial court granted summary judgment in favor of American Family, ruling that Kriese's act of stepping on the brake constituted use or operation of the bus. The trial court reasoned that Kriese's act was "a deliberate act to exercise control over the vehicle and stop the vehicle."

Summary judgment allows controversies to be settled without trial where there are no disputed material facts and only legal issues are presented. *In re Cherokee Park Plat*, 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1993). On review of an order for summary judgment, we employ the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). If there is no genuine issue as to any material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court order granting summary judgment. *Id.*

Muehlenberg argues that the trial court should have denied American Family's motion for summary judgment because Kriese's actions did not constitute "use" or "operation" of a motor vehicle. Construing those terms narrowly because they are part of an exclusionary clause, Muehlenberg reasons that Kriese was not using or operating the bus because she was not in a position to exert complete control over the bus when she put her foot on the brake. Noting that there are no Wisconsin cases directly addressing this question,

accident. Coverage under that policy is not at issue before this court.

Muehlenberg points to case law from other jurisdictions supporting this position. *See West Bend Mut. Ins. Co. v. Milwaukee Mut. Ins. Co.*, 384 N.W.2d 877, 880 (Minn. 1986) (the act of a passenger in grabbing the steering wheel of a moving car did not constitute "operation" of a vehicle); *State Farm Mut. Auto. Ins. Co. v. White*, 655 P.2d 599, 601 (Or. Ct. App. 1982) (passenger's conduct in grabbing and turning the steering wheel did not constitute "operation"); *Farm Bureau Gen. Ins. Co. v. Riddering*, 432 N.W.2d 404, 407–08 (Mich. Ct. App. 1988) (passenger's act of grabbing the steering wheel and turning it was not "use" or "operation" of the vehicle because operation includes control over all parts that allow the vehicle to move, not just the steering function).

Each party has cited authority from other jurisdictions which supports their position; this is an issue about which the courts of the various states do not agree. After considering the cases, we conclude that a person may be using or operating a vehicle even if they do not exercise complete control over the vehicle. To "operate" means "to perform a function: [to] exert power or influence." *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 827 (1991). Kriese exerted power and influence over the bus, causing it to stop. Although she did not exercise complete control over the bus, it was through her actions, and her actions alone, that the bus abruptly came to a halt. We believe that a person who intentionally takes momentary control of a vehicle, even if in horseplay, is "using" or "operating" the vehicle. We agree with the Kansas Court of Appeals that "when a person takes control of a moving vehicle, even though for only an instant, that person has gained control over it and is operating it within the normal

definition and understanding which ordinary laymen would give to an insurance policy." *United States Fidelity & Guar. Co. v. Hokanson*, 584 P.2d 1264, 1267 (Kan. Ct. App. 1978). Because Kriese was using or operating the vehicle when she pressed the brake pedal, the trial court properly granted summary judgment in favor of American Family.

*By the Court.*—Judgment affirmed.