## Progressive Insurance Co. v. Glenn

C.P. of Delaware County, no. 98-6287.

*Kevin B. Quinn,* for plaintiff.

*Scott A. Bennett,* for defendant Glenn.

*Albert E. Hart Jr.,* pro se and for defendant Steven M. Hart.

*John P. Kamstra,* for defendants Great Northern Insurance Co. and Federal Insurance Co.

*Theodore Winicov* and *Andrew J. Reilly,* for defendant Harleysville Insurance Companies.

BURR, *J.,* July 27, 2000—Defendant, Great Northern Insurance Company, appellant, alone appeals from a declaratory judgment entered January 12, 2000, providing that policies of insurance issued by plaintiff, Progressive Insurance Company and The Harleysville Insurance Companies are not responsible for coverage of injuries to defendant Tara Glenn, which occurred April 18, 1997, when the defendant, Steven Hart, riding as a passenger, touched or grabbed the steering wheel of the vehicle being operated by Ms. Glenn.[1] The vehicle was owned by Ms. Glenn's father. (*Glenn v. Hart,* no. 97-16699, the Court of Common Pleas of Delaware County, PA.)

Progressive initiated this action seeking to avoid responsibility for this claim contending that Steven Hart grabbed the steering wheel of Ms. Glenn's vehicle causing it to turn on its side, injuring Ms. Glenn. Progressive maintains that Ms. Glenn's injury was caused by a "nonpermissive use" pursuant to a provision in the om-

---

1. The Honorable Clement J. McGovern Jr. was formerly the judge to whom the above-captioned matter was assigned. Judge McGovern entered the judgment upon which this appeal is based and contributed to the drafting of this opinion. He has since retired and this opinion has been completed and filed by the undersigned judge.

nibus clause of the automobile policy it issued to Steven Hart's father, the defendant Albert Hart Jr. (Progressive policy no. 50032151-0, stipulation of facts, exhibit A.) Progressive also sought to have the homeowner's policy, issued by appellant, Great Northern and the excess coverage policy issued by defendant, Federal Insurance Company, held responsible for the damages from this incident. Ms. Glenn's father owned Interstate Outdoor Advertising Inc., which owned a policy issued by Harleysville insuring the vehicle operated by Tara Glenn at the time of this incident.

Progressive's insurance policy provides that it "will pay damages . . . for which an insured person is legally liable . . . resulting from the ownership, maintenance or use . . . of a car . . . but no person shall be considered an insured person if the person uses a vehicle without permission of the owner of the vehicle." The gist of Progressive's position is that Steven Hart had permission to be in the car as a passenger only, but did not have permission to touch the steering wheel. Therefore, when Steven Hart touched or grabbed the steering wheel, this was a "nonpermissive use" of the vehicle, and Progressive was not liable pursuant to its policy of insurance. Harleysville, although not an appellant here, raised the same argument based on similar language in its insurance policy, citing as authority, *General Accident Insurance Company of America v. Margerum,* 375 Pa. Super. 361, 544 A.2d 512 (1988).

There is no dispute in this record that Steven Hart had Ms. Glenn's permission to use Ms. Glenn's vehicle as a passenger. The issue of whether or not Mr. Hart's action was "use" pursuant to appellant Great Northern's policy,

so as to preclude coverage, has not been litigated or pled in this matter. Great Northern has never filed a counterclaim or cross-claim seeking any such relief nor has it filed an indemnity action, nor a separate declaratory judgment action seeking clarification of its rights. Pa.R.C.P. 1030, 1031, 1501, 1601 and 2252(a)(4). Great Northern's only argument, presented in its brief in support of a motion for reconsideration of the court's order, focused upon why the automobile policy should be held to cover this incident, but not upon why Great Northern's homeowner's policy should not. See *e.g., Erie Insurance Exchange v. Transamerica Insurance Company,* 516 Pa. 574, 533 A.2d 1363 (1987); *Motorists Mutual Insurance Company v. Kulp,* 688 F. Supp. 1033 (1988), *affirmed,* 866 F.2d 1411 (3d Cir. 1988). There remains the question as to whether Steven Hart was given permission to grab the steering wheel while Tara Glenn was driving.

Deposition testimony by Steven Hart was that he couldn't "explain the unexplainable," nor could he remember why he touched the steering wheel. He did admit intentionally touching the steering wheel. (See Steven Hart's deposition transcript at exhibit D to Tara Glenn's brief in response to declaratory judgment complaint, pp. 39, 64.) The parties have stipulated that Steven Hart had the permission of Tara Glenn to be a passenger in this vehicle at all relevant times. The parties have also stipulated that Steven Hart neither asked for, nor received, permission of either Ms. Glenn or her father to touch or grab the steering wheel prior to this incident. Ms. Glenn testified, by way of deposition, that Steven Hart reached over and grabbed the steering wheel when it was at a 12 o'clock position and turned it to the right to a 6 o'clock

position. He gave her no warning. Both Ms. Glenn and Steven Hart agree that, even prior to this incident, they were neither fighting nor fooling around in any manner. Mr. Hart did not grab the steering wheel at Ms. Glenn's request. There was no emergency. The weather was clear, traffic light, and there were no obstructions or distractions on the road.

It was agreed to by all parties, at the time of trial, that this matter be disposed of by way of stipulation of facts and briefs. The stipulation of facts and the court order are matters of record. Appellant, Great Northern, in its concise statement of matters complained of on appeal, contends that Steven Hart was entitled to coverage under the Progressive and Harleysville policies. Appellant argues that coverage ought not to be denied "for the manner of use," and in light of the Pennsylvania Motor Vehicle Financial Responsibility Law. Appellant incorrectly concludes that the court's decision was based upon Steven Hart's negligent use of the vehicle in question.

## WAIVER OF ISSUES

Appellant did not seek, in this action, a declaration of its *own* rights, but now contends on appeal that the court's judgment was in error because it failed to address appellant's rights. Although appellant filed boilerplate assertions concerning its clauses excluding coverage, the issue was neither tried nor argued. All of the materials submitted by appellant related solely to its position as to how the automobile insurance carriers' policies ought to be interpreted, and only boilerplate statements were made as regards its own exclusionary clause. Another boilerplate contention is the unsubstantiated allegation

that "no party sought coverage for Steven Hart under the Great Northern policy." (Concise statement, paragraph 11.) If that is so, it defies credulity that defendant has taken no steps to remove itself as a party to this action.

Where an insurer relies on a policy exclusion as the basis for its denial of coverage, the insurer has asserted an affirmative defense and, accordingly, bears the burden of proving such defense. *Madison Construction Co. v. Harleysville Mutual Insurance Company,* 557 Pa. 595, 735 A.2d 100 (1999); *Erie Insurance Exchange v. Transamerica Insurance Company, supra,* citing *Miller v. Boston Insurance Company,* 420 Pa. 566, 570, 218 A.2d 275, 277 (1966). See also, *Armon v. Aetna Casualty & Surety Co.,* 369 Pa. 465, 469, 87 A.2d 302, 304 (1952). Appellant has failed to meet its burden in this case.

This court is granted jurisdiction only to decide matters properly placed before it by the parties, discernible from the pleadings, the available evidence, proffered legal argument and, in this case, the stipulation of facts submitted by the parties. A fair review of this record will evince that the issue presented to this court was whether the essentially identical clauses concerning permissive use in the omnibus clauses of the plaintiff's and the defendant Harleysville's policies preclude coverage for this incident. The appellant's responsive pleadings merely alleged a denial of coverage and, in the alternative, that if there was coverage, that appellant's policy was in excess of that coverage provided by the automobile policies. Appellant tried and argued only the issue of "permissive use" under the automobile policies. No

party appropriately raised an issue as to coverage pursuant to Great Northern's homeowner's policy, nor was any evidence introduced as relates thereto. Therefore, since there was neither legal nor evidentiary support for the ruling that appellant now seeks, and which appellant contends that this court improperly omitted from its order, appellant has failed to meet its burden of preserving those issues for appeal. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984).

It is respectfully submitted that appellant's contention that this court erroneously failed to determine the rights and obligations of Great Northern has been waived. Pa.R.C.P. 227.1; *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); *Noecker v. Johns-Manville Corp.,* 355 Pa. Super. 463, 471, 513 A.2d 1014, 1018 (1986); *Takes v. Metropolitan Edison Co.,* 440 Pa. Super. 101, 655 A.2d 138 (1995).

## APPELLANT'S STANDING TO APPEAL

A party may appeal only from an adverse decision. *Donegal Mutual Insurance Company v. Eyler,* 360 Pa. Super. 89, 519 A.2d 1005 (1987). Black's Law Dictionary (6th ed. 1990), defines an "aggrieved party" as "[o]ne whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment." Thus, a party has standing when it is aggrieved by having been directly and adversely affected by a judgment, decree or order, and has some pecuniary interest which is thereby injuriously affected, or suffers from the infringement or denial of its legal rights. See *Atlee Estate,* 406 Pa. 528, 178 A.2d 722 (1962); *Prior v. Borough of Eddystone,* 30 Pa. Commw. 536, 374 A.2d

981 (1977). Pa.R.A.P. 501 limits the right of appeal to "any party who is *aggrieved* by an appealable order." (emphasis added) The issue of whether or not a party is aggrieved is of course "a substantive question determined by the effect of the action on the party . . . ." "In determining whether the interest asserted renders a litigant 'aggrieved,' the court must ascertain whether the interest is 'substantial,' 'direct,' 'immediate,' and 'not a remote consequence' of the challenged action." *American Booksellers Association Inc. v. Rendell,* 332 Pa. Super. 537, 553, 481 A.2d 919, 927 (1984). Therefore, "to justify judicial intervention, a party must allege a recognizable, adverse effect to himself and a close causal nexus between the injury and the challenged conduct." *American Booksellers Association Inc. v. Rendell, supra,* at 554, 481 A.2d at 927. (footnote omitted)

Appellant has failed to demonstrate a basis upon which standing can be founded because, as hereinabove set forth, it has not tried or argued this matter upon the issue of its own homeowner's policy (*i.e.,* its own legal rights). Appellant contends that because the automobile policies were found not to be responsible for coverage and since the term "use" was in all the policies, that the definition of that term should likewise preclude coverage by appellant's policy. The position is not supported by the law, and is purportedly supported herein by appellant's conclusory statements without evidence or appropriate legal argument. Although appellant's policy does include the term "use," no party in this action has sought an interpretation of that term within the appellant's exclusion clause as it applies to the facts of this incident (*i.e.,* a passenger grabbing the steering wheel).

Indeed, other jurisdictions have considered the issue as to whether a homeowner's policy "vehicle use" exclusion in a "steering wheel grab" case excludes coverage. The results are ambivalent. *Hingham Mutual Fire Insurance Company v. Niagara Fire Insurance Company,* 46 Mass. App. Ct. 500, 707 N.E. 390 (1999) (homeowner's insurer had a duty to defend "steering wheel grab" case, given interpretation of clause excluding coverage for damages "arising out of use of motor vehicle operated by an insured," as "use" and "operated" were not defined by, and therefore properly to be construed against the insurer); *Poppy v. Muehlenberg,* 215 Wis.2d 58, 571 N.W.2d 914 (1997) (homeowner's coverage precluded pursuant to policy exclusion when insured is "using" or "operating" any kind of vehicle, as third party who placed foot on brake of bus, causing accident, was "using" or "operating" the vehicle, even if momentarily); *United States Fire Insurance Company v. United Service Automobile Association,* 722 S.W.2d 218 (Ct. App. Texas 1989) (homeowner's coverage precluded in "steering wheel grab" case under exclusion denying damages arising from accidents involving the use or operation of any vehicle by an insured because, while riding constituted "use," grabbing the wheel was not "operation" thereof); *West Bend Mutual Insurance Company v. Milwaukee Mutual Insurance Company,* 372 N.W.2d 438 (Ct. App. Minn. 1985), *aff'd,* 384 N.W.2d 438 (Minn. 1986) (homeowner's insurance coverage allowed in "steering wheel grab" case interpreting exclusion for damages arising from the use of any land motor vehicle operated by an insured, as nonpermissive use of grabbing steering wheel was interference with operation

by another, and not operation of vehicle); *State Farm Mutual Automobile Insurance Company v. White,* 60 Or. App. 666, 655 P.2d 599 (1982) (homeowner's coverage allowed for "steering wheel grab" accident under exclusion which barred damages for use of vehicle operated by insured, as insured was merely "interfering with driver" and not "operating" vehicle within meaning of exception). Inclusionary clauses in automobile policies and exclusionary clauses of homeowner's policies are to be interpreted separately. Inclusionary clauses are to be construed broadly to protect the interest of the insured. Exclusionary clauses are to be construed narrowly against the insurer. *West Bend Mutual Insurance Company v. Milwaukee Mutual Insurance Company, supra,* 372 N.W.2d at 441; *Farm Bureau General Insurance Company of Michigan v. Riddering,* 172 Mich. App. 696, 432 N.W.2d 404 (1988); *State Farm Mutual Automobile Insurance Company v. White, supra.* It has hereinabove been noted that the appellant has failed to supply this court with any legal or evidentiary basis upon which to make the determination reviewed in the above cited cases. If, in fact, no party sought coverage for Steven Hart under the Great Northern policy, then any interest affected by the court's ruling is remote indeed.

Since no Pennsylvania appellate decisions have been found controlling appellant's standing, it is instructive to consider the matter of *Farm Bureau General Insurance Company of Michigan v. Riddering, supra,* which considers the issue of whether the automobile insurance carrier for the passenger and for the vehicle was responsible to defend an automobile negligence case, or whether the homeowner's insurer for the parents of the passenger who grabbed the steering wheel and caused the acci-

dent had the duty to defend the claim. The Michigan appellate court affirmed the trial court's decision in favor of the automobile insurers, and found that the homeowner's insurer had no standing to appeal from that decision. The homeowner's insurer there, as Great Northern here, had failed to file a cross-claim against the automobile insurers, and therefore the homeowner's insurer was found *not* to be an aggrieved party.

Since the appellant Great Northern failed to file cross-claims against the automobile insurers, and since appellant confined the issues, in its motion for reconsideration and concise statement of matters complained of on appeal, solely to questions regarding this court's ruling in favor of the automobile insurers, it is respectfully suggested that appellant has no standing to file this appeal, and that this court, therefore, has no jurisdiction to consider it. Further, appellant has not sought an interpretation of its own exclusionary cause, nor has it presented evidence or appropriate legal argument as concerns that issue. Since this court's order does not address the appellant's homeowner's insurance policy, or its coverage, there is therefore no jurisdiction to address those issues. *Farm Bureau General Insurance Company of Michigan v. Riddering, supra.* It must also be observed that since Ms. Glenn has discontinued her appeal from this court, any issue concerning the interpretation of automobile policies no longer remains in issue on appeal.

## PERMISSIVE USE PROVISION
## IN AUTOMOBILE POLICY

Appellant, in its concise statement of matters complained of on appeal, argues that the court based its conclusion upon a finding that Steven Hart was a "user" and

282

that his acts were "intentional" and therefore the Progressive and Harleysville policies should be required to provide coverage. Appellant also contends, therein, that the car's owner or operator is attempting to withdraw permission granted to Steven Hart to "use" the vehicle. Finally, appellant contends that, since Steven Hart was "using" the car, the court should have found no obligation to defend on the part of Great Northern. Appellant argues basically that Steven Hart was a permitted "user" of the vehicle, and that that permission also included his grabbing the steering wheel. There is no evidentiary basis for such conclusion and the court did not so conclude. The permission granted to Steven Hart by Tara Glenn was to "use" the car *as a passenger,* not as a driver. It is clear that Harleysville did not deny coverage based on Steven Hart's permission to be a passenger. (Deposition of Cheryl Hazard pp. 50-52, exhibit 6 to memorandum of law of Federal Insurance Company in response to plaintiff's declaratory judgment motion.) It is also clear that the lack of permission from Ms. Glenn's father was never an issue in this case nor a basis for the denial of insurance coverage. The issue of whether Steven Hart was "using" this vehicle according to the terms of Great Northern's homeowner's policy was neither the subject of evidence nor of legal argument in this matter. Appellant, in all fairness, did mention this concept in its memorandum in support of its motion for reconsideration but only in boilerplate fashion stating that "Steven Hart was 'using' the car. Therefore, the court's order should have held that Great Northern owed no obligation to provide coverage." (Defendant's memorandum, p. 3.)[2]

2. The issue of waiver has been previously discussed at pages 275-77, *supra.*

This court concluded that Steven Hart's conduct substantially deviated from the permissive use as contemplated under the relevant provisions of the automobile insurance policy omnibus clauses. The issue, in the case at bar, was not whether Steven Hart was permitted to "use" this vehicle but whether Steven Hart exceeded the scope of permission granted him to use this vehicle as a passenger, considering the permissive use provisions of the relevant automobile insurance policies. This distinction seems to elude appellant, who persistently argues that permission to use a vehicle as a passenger includes permission to use a vehicle as a driver. This contention is supported neither by law nor by logic, appellant's boilerplate statements to the contrary notwithstanding. The same must be said of appellant's argument that the term "use" is to be interpreted the same in this homeowner's policy as it is in these automobile policies. Appellant has provided this court with no reasoning or authority to support that contention. Pennsylvania law differentiates between permission to occupy a vehicle and other conduct beyond mere occupancy that causes damage.

It is the well-settled law of this Commonwealth that, under an omnibus clause of an automobile insurance policy which designates as an insured any person using the insured vehicle with the permission of the owner, the permission necessary to elevate the user to the status of an additional insured must be express or implied. *Brower v. Employers' Liability Assurance Company Ltd.*, 318 Pa. 440, 444, 177 A. 826, 828 (1935); *Conrad v. Duffin*, 158 Pa. Super. 305, 309, 44 A.2d 770, 772 (1945); *Esmond v. Liscio*, 209 Pa. Super. 200, 206, 224 A.2d

793, 796 (1966); *Belas v. Melanovich,* 247 Pa. Super. 313, 372 A.2d 478 (1977); *Federal Kemper Insurance Company v. Neary,* 366 Pa. Super. 135, 530 A.2d 929 (1987); *Adamski v. Miller,* 434 Pa. Super. 355, 643 A.2d 680 (1994), *aff'd,* 738 A.2d 1033 (Pa. Super 1999). See also, Blashfield, Automobile Law and Practice §315.10, at 605 (3d ed. 1966); annot., omnibus clause as extending automobile liability coverage to third person using car with consent of permittee of named insured, 21 A.L.R. 4th 1146 (1983). Implied permission may arise from the relationship of the parties or by virtue of a course of conduct in which the parties have mutually acquiesced. *Adamski v. Miller, supra; Federal Kemper Insurance Company v. Neary, supra,* 366 Pa. Super. at 140, 530 A.2d at 931; *Brower v. Employers' Liability Assurance Company Ltd., supra,* 318 Pa. at 444, 177 A. at 828; *Esmond v. Liscio, supra,* 209 Pa. Super. at 206, 224 A.2d at 796; *Conrad v. Duffin, supra,* 158 Pa. Super. at 309, 44 A.2d at 772. See Blashfield, *supra* §315.10, at 607, "[P]ermission requires something more than mere sufferance or tolerance without taking steps to prevent the use of the automobile, and permission cannot be implied from possession and use of the automobile without the knowledge of the named insured." *Id.* §315.10, at 608. "[T]he critical question will always be whether the named insured said or did something that warranted the belief that the ensuing use was with his consent. There must be 'a connection made' with the named insured's own conduct; proof of 'acts, circumstances, and facts, such as the continued use of the car,' will be insufficient 'unless they attach themselves in some way to the acts' of the named insured." *Belas v. Melanovich, supra,* 247 Pa.

Super. at 324, 372 A.2d at 484, quoting *Beatty v. Hoff,* 382 Pa. 173, 177, 114 A.2d 173, 174 (1955). This record is devoid of even the slightest inference of express or implied permission from Tara Glenn or her father for Steven Hart to grab the steering wheel of the vehicle while Ms. Glenn was driving. The parties' stipulation was limited to the fact that Mr. Hart had Ms. Glenn's permission to be a passenger.

The Pennsylvania Superior Court has held that permissive use of a vehicle as an occupant does not extend to operation of the vehicle. *Federal Kemper Insurance Company v. Neary, supra,* 366 Pa. Super. at 140, 530 A.2d at 932. The Federal District Court in *Polyak v. Israelson,* 348 F. Supp. 529, 531 (W.D. Pa. 1972), concluded that while "use," in connection with the omnibus clause of an automobile policy, is broader in scope than "operation" or "control" of the vehicle, the court was there considering a passenger who never touched the steering wheel, and therefore the issue of "operation" of the vehicle never arose. See also, *Maryland Casualty Co. v. Marshbank,* 226 F.2d 637 (3d Cir. 1955). There the Third Circuit court was considering a case where a friend of the insured's son was in fact driving the vehicle at the time of the accident, and with the insured's express permission. It is clear that these courts have differentiated between the occupation of a vehicle by a passenger and conduct beyond that causing an accident where the vehicle is operated by another.

The court in *General Accident Insurance Co. v. Margerum, supra,* 375 Pa. Super. at 363, 544 A.2d at 513, considered the permissive use provision of an automobile insurance policy using, in relevant terms, lan-

guage identical to the policies in question, to wit, "anyone else . . . while using with your permission a covered auto you own, hire or borrow," and found that driving under the influence was a substantial deviation from using an employer's vehicle with permission for personal convenience. Again, the issue involved a driver not a passenger. Coverage was precluded. The Pennsylvania Supreme Court in *Freshkorn v. Marietta,* 345 Pa. 416, 419, 29 A.2d 15, 16 (1942), held that permission to drive a car given subsequent to a request, must be viewed in light of that request and thus be limited by it. That court basically adopted the "frolic of his own" rule from the law of agency, holding that there is no liability if, at the time of the accident, the car is being driven for "a purpose not authorized by the insured." A "slight deviation" would "not annul the coverage of the omnibus clause." *Freshkorn v. Marietta, supra,* 345 Pa. at 420, 29 A.2d at 16-17. That analysis, applied in the case at bar, would dictate that Mr. Hart's permission to "use" this vehicle was limited to riding as a passenger, and therefore, as a person not using the steering wheel.

Appellant argues that Steven Hart did not act with intent and therefore that the exclusion in that regard would not apply to his conduct. (Concise statement, paragraph 4.) The "intentional acts" exclusion clause was not at issue in this litigation, nor is there evidence or stipulation as to Steven Hart's state of mind. The nature of Mr. Hart's conduct becomes a factor only after the court determines whether or not he was an "insured" pursuant to the automobile policy omnibus clause. Mr. Hart was found not to be an "insured" under the automobile policies and therefore there was no reason to consider the

nature of his conduct. Appellant, in any event, has simply argued why there should be coverage pursuant to the automobile policies but has provided neither a basis nor a rationale to explain why there should be a denial of coverage under appellant's policy.

Appellant also argues that Tara Glenn did not advise Steven Hart that his use of the vehicle was limited to non-negligent conduct. (Concise statement, paragraph 5.) Again, the nature of the conduct of the parties was not an issue until it was determined whether Mr. Hart was an insured under the automobile policies. The evidence, stipulation and arguments have never focused upon the conduct of Ms. Glenn or the negligence of Steven Hart. It is simply incorrect to suggest that: "the denials of coverage to Steven Hart by Progressive and Harleysville are based upon the negligent manner in which he used the Glenn vehicle." (Concise statement, paragraph 6.) This record evinces that the denials of coverage were based solely upon Steven Hart's inability to qualify as an insured because he exceeded the scope of permission to use the Glenn vehicle as a passenger. There is therefore no necessity to address the character or manner of Steven Hart's intentions or conduct at the time of this incident.

There is in Pennsylvania a dearth of authority concerning incidents where a passenger grabs the steering wheel while another is operating the vehicle. Appellant suggests that denials of coverage based upon the manner of use (as opposed to deviations of time, place, or purpose) are not enforceable in this Commonwealth and that the "permissive use" provision is inapplicable to a passenger. (Concise statement, paragraphs 7 and 8.) Since

appellant has failed to provide legal argument, evidence or relevant legal citation, the contention should be deemed waived. Pa.R.C.P. 227.1; *Commonwealth ex rel. Robinson v. Robinson, supra.* Appellant cites *Donegal Mutual Insurance Company v. Long,* 387 Pa. Super. 574, 564 A.2d 937 (1989), *alloc. granted,* 525 Pa. 657, 582 A.2d 323 (1990), *aff'd,* 528 Pa. 295, 597 A.2d 1124 (1991), for the proposition that public policy in Pennsylvania mandates insurance coverage for negligent conduct. Once again, however, it was never necessary to reach the issue of Steven Hart's conduct. Further, that authority serves as no basis for denial of appellant's homeowner's policy coverage. It is clear that a nonpermissive use provision in an omnibus clause of an automobile policy is not violative of public policy. *Nationwide Mutual Insurance Company v. Cummings,* 438 Pa. Super. 586, 652 A.2d 1338 (1994); *Gift v. Nationwide Insurance Company,* 1998 WL 164997 (E.D. Pa. 1998).

There has been no discussion by appellant of authorities from other jurisdictions concerning "steering wheel grab" cases.[3] Appellant relies upon the authority of *Brower v. Employers' Liability Insurance Co. Ltd., supra.* The court there simply concluded that coverage was expressly excluded for any automobile repair shop and therefore, that the subject exclusionary clause precluded coverage. The manner of operation was irrelevant because the driver, a mechanic involved in the business of repairing the insured vehicle, was clearly outside of his

---

3. In the interest of thoroughness, completeness and clarity of analysis, the court has, on its own initiative, cited a representative number of those cases at pages 279 and 280, *supra,* and at pages 289 and 290, *infra.*

permissive scope and therefore not an "insured." The court never reached the issue of deviation from permissive use of a vehicle since exclusion there was specific. The authority of this case does not mandate coverage from the Progressive and Harleysville policies in the case at bar.

The Supreme Court of Pennsylvania has held that it is appropriate and necessary for the court to consider whether there was a deviation from the scope of permissive use of the vehicle in interpreting whether there is coverage under an automobile policy, and whether that deviation was either inconsequential or substantial. *Brower v. Employers' Liability Insurance Co. Ltd., supra; Laroche v. Farm Bureau Mutual Insurance Company,* 335 Pa. 478, 7 A.2d 361 (1939); *Freshkorn v. Marietta, supra.*

It is respectfully submitted that to suggest permission is given to grab a steering wheel in a vehicle operated by another simply by allowing one to become a passenger, is unreasonable and illogical. There is not a scintilla of evidence, nor the hint of any inference suggesting that when Steven Hart was given permission to ride as a passenger in this vehicle, that either Tara Glenn or her father gave, directly or indirectly, permission, or could have reasonably anticipated that a passenger would grab the steering wheel where there was no emergency. The principle is not unique. Jurisdictions outside of the Commonwealth have come to a similar conclusion. *State Farm Mutual Automobile Insurance Company v. White, supra; Viking Insurance Company of Wisconsin v. Zinkgraf,* 47 Wash. App. 645, 737 P.2d 268 at 269 (1987); *State Farm Mutual Automobile Insurance Company v.*

*Jenkins,* 764 S.W.2d 547 (Ct. App. Tn. 1988). Indeed, it is the law in a number of states that the grabbing of the steering wheel exceeds the scope of permission to ride in a vehicle as a passenger. *Viking Insurance Co. of Wisconsin v. Zinkgraf, supra; State Farm Mutual Automobile Insurance Company v. Larsen,* 62 Ill. App.3d 1, 377 N.E.2d 1218 (1978); *United States Fidelity & Guaranty Company v. Hokanson,* 2 Kan. App. 580, 584 P.2d 1264 (1978); *Millet v. Nelson,* 408 So.2d 360 (La. Ct. App. 1981); *State Farm Mutual Automobile Insurance Company v. White, supra.*

It is therefore respectfully submitted that this court did not err in finding that Steven Hart's use of the Glenn motor vehicle substantially deviated from the use permitted, and in issuing an order which did not include a disposition as to Great Northern's obligation to provide coverage.

## CONCLUSION

This court bears the responsibility of construing an insurance policy and of discerning the intent of the parties in entering into that contract. *Hutchinson v. Sunbeam Coal Corp.,* 513 Pa. 192, 519 A.2d 385 (1986); *Standard Venetian Blind Company v. American Empire Insurance,* 503 Pa. 300, 469 A.2d 563 (1983). The words of an insurance policy, as in any contract, which are unambiguous and clearly reflect the intent of the parties, should be construed according to their plain and ordinary meaning, and the court should give effect to that language. See *Pennsylvania Manufacturers' Association Insurance Company v. Aetna Casualty & Surety Insur-*

*ance Company,* 426 Pa. 453, 233 A.2d 548 (1967). The court ought not to undertake technical or overly subtle interpretations so as to defeat the reasonable expectation of the insureds. See *Huffman v. Aetna Life & Casualty Co.,* 337 Pa. Super. 274, 486 A.2d 1330 (1984). Where reasonably intelligent people could differ as to the meaning of a contractual provision, the term may then be properly characterized as ambiguous. *Loomer v. M.R.T. Flying Service Inc.,* 384 Pa. Super. 244, 558 A.2d 103 (1989).

Appellant has inexplicably failed to demonstrate why coverage should be precluded under its homeowner's policy, and has abjectly failed to demonstrate why judgment in favor of the automobile insurance carriers should be set aside. The court is mindful that in reviewing a declaratory judgment the court is bound by the same narrow standard of review that exists in equity actions. *Federal Kemper Insurance Company, supra,* at 139, 530 A.2d at 930-31; *Shaffer v. Flick,* 360 Pa. Super. 192, 520 A.2d 50 (1987). A declaratory judgment will not be reversed absent a clear abuse of discretion or of law. *Lombardo v. DeMarco,* 350 Pa. Super. 490, 504 A.2d 1256 (1985). The focus is to determine whether the trial court's conclusion can reasonably be drawn from the evidence. *In re Estate of Tippins,* 487 Pa. 107, 408 A.2d 1377 (1979); *Lombardo v. DeMarco, supra,* at 495, 504 A.2d at 1258; *Hoffman v. Gekoski,* 250 Pa. Super. 49, 378 A.2d 447 (1977). Where a trial court's factual determinations are reasonably supported by the evidence then a reviewing court will not substitute its judgment for that of the trial court. *Frowen v. Blank,* 493 Pa. 137, 425 A.2d 412 (1981).

292

For all of the foregoing reasons, it is respectfully suggested that the judgment entered by this court is properly founded upon the evidence presented by this record, and supported by the law, logic and justice. It should therefore not be disturbed.